[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 3, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11610
Non-Argument Calendar
_____

D. C. Docket No. 06-00195-CR-ORL-19-KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS E. BONILLA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 3, 2007)**

Before WILSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Carlos E. Bonilla appeals his 48-month sentence for illegal re-entry into the United States after being deported for committing an aggravated felony, namely, statutory rape of a 13-year-old female. On appeal, Bonilla argues that the district court (1) imposed an unreasonable sentence because it relied too heavily on his prior statutory rape conviction to the exclusion of the other factors set out in 18 U.S.C. § 3553(a), and (2) erred in subjecting him to the enhanced maximum term of imprisonment provision of 8 U.S.C. § 1326(b)(2) based on his prior statutory rape conviction when this conviction was neither pled in the indictment nor admitted in connection with his guilty plea. For the reasons set forth more fully below, we affirm.

Bonilla pled guilty to charges of illegally re-entering the United States after being deported, in violation of 8 U.S.C. § 1326(a) and (b)(2). Although the indictment did not refer to a prior conviction, the probation officer specified in the presentence investigation report that Bonilla was convicted of statutory rape, sentenced to one year in jail, removed from the country, and then re-entered without the necessary express consent. Based on this offense conduct, the probation officer set Bonilla's base offense level at 8, pursuant to United States Sentencing Guideline (U.S.S.G.) § 2L1.2(a), and applied a 16-level enhancement, pursuant to § 2L1.2(b)(1)(A)(ii), because Bonilla was deported after committing a

2

crime of violence, namely, statutory rape. Based, in part, on this calculation, the probation officer determined that Bonilla's guideline imprisonment range was 46 to 57 months. The probation officer noted that the statutory maximum term of imprisonment was 20 years, pursuant to § 1326(b)(2). Bonilla objected to receiving the 16-level enhancement, arguing that his prior statutory rape offense did not involve violence.

Before Bonilla's sentencing hearing, he evidently contacted the government about participating in the district's recently adopted fast-track program. He was told that he could not participate, however, because of his prior statutory rape conviction. At his sentencing hearing, the district court overruled his objection to the 16-level enhancement, reasoning that the commentary to § 2L1.2 specifically stated that statutory rape was a crime of violence. After hearing testimony from three witnesses called by Bonilla in mitigation, Bonilla's counsel's arguments as to the need for leniency in sentencing Bonilla, and Bonilla's own apology, the district court sentenced Bonilla to 48 months' imprisonment. The district court reasoned that this sentence appropriately addressed the seriousness of the offense, respect for the law, just punishment, and deterrence.

On appeal, Bonilla specifically argues that the district court's reliance on his prior statutory rape conviction to enhance his sentence and to exclude him from

fast-track benefits resulted in a sentence that was greater than necessary and involved an unwarranted disparity. Bonilla also argues that the district court erred in using his unpled and unadmitted prior statutory rape conviction to apply the enhanced 20-year statutory maximum term of imprisonment under § 1326(b)(2), when the instant offense of conviction normally carries a 2-year statutory maximum term of imprisonment under § 1326(a).

We review a defendant's sentence for reasonableness. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). We review arguments made for the first time on appeal for plain error. United States v. Smith, 480 F.3d 1277, 1279 (11th Cir. 2007), petition for cert. filed, (U.S. June 14, 2007) (No. 06-11901) (reviewing an unpreserved Booker challenge for plain error). To prove plain error, a defendant must show: (1) error, (2) that is plain, and (3) that affects substantial rights. United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007), petition for cert. filed, (U.S. June 05, 2007) (No. 07-5686). We have held that, "[i]n the absence of any controlling precedent, there is no plain error in [a] case." United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003)

**Reasonableness**

Following the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the sentencing court not only

4

must calculate the guideline imprisonment range correctly, but also must treat that range as advisory and impose a reasonable sentence. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). In determining if the district court imposed a reasonable sentence, we refer to the factors set out in 18 U.S.C. § 3553(a). United States v. Martin, 455 F.3d 1227, 1237 (11th Cir. 2006).

Pursuant to § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of § 3553(a)(2), namely, reflecting the seriousness of the offense, promoting respect for the law, providing just punishment for the offense, deterring criminal conduct, protecting the public from future criminal conduct by the defendant, and providing the defendant with needed educational or vocational training or medical care. See 18 U.S.C. § 3553(a)(2). The statute also instructs the sentencing court to consider other factors, including the nature and circumstances of the offense and the history and characteristics of the defendant as well as "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." See 18 U.S.C. § 3553(a)(1) and (6).

We do not require the district court to discuss or to state that it has explicitly considered each part of § 3553(a). Talley, 431 F.3d at 786. Instead, an explicit acknowledgment that the district court has considered the defendant's arguments

5

and the § 3553(a) factors will suffice.  United States v. Scott, 436 F.3d 1324, 1329-30 (11th Cir. 2005).  Also, we have held that "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court," such that we "will not substitute our judgment in weighing the relevant factors because [o]ur review is not de novo."  United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006), cert. dismissed, 127 S.Ct. 3040 (U.S. 2007).  Furthermore, we have held that a within-range sentence ordinarily will be expected to be reasonable, but will not be treated as per se reasonable.  United States v. Hunt, 459 F.3d 1180, 1184 (11th Cir. 2006); Talley, 431 F.3d at 786-88.[1]

Specifically regarding the unwarranted-disparity factor enumerated in § 3553(a), we have held that the disparities in the sentences of otherwise similarly situated defendants that arise because of involvement in fast-track programs are not "unwarranted."  United States v. Arevalo-Juarez, 464 F.3d 1246, 1251 (11th Cir. 2006).  Indeed, we have forbidden district courts from considering such disparities in imposing reasonable sentences.  Id.  We have not, however,  addressed whether the district court can consider differences in the rules for qualifying for an available fast-track program.

---

[1] The Supreme Court recently held that appellate courts may apply a presumption of reasonableness to sentences within the guideline range. See Rita v. United States, 551 U.S. ___, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007).

The record demonstrates that the district court imposed a reasonable sentence.  See Talley, 431 F.3d at 786.  The district court considered Bonilla's arguments, Bonilla's witnesses' testimony, and Bonilla's statement of apology.  The district court also explicitly considered the § 3553(a) factors.  As to Bonilla's argument regarding the district court's application of the fast-track program, Bonilla failed to raise this argument before the district court and has not cited any case law suggesting that exclusion of a defendant from a fast-track program based on his criminal history creates an unwarranted sentencing disparity because other district courts would not have excluded him on this ground.  Thus, any error by the district court was not plain.  See Smith, 480 F.3d at 1279; Lejarde-Rada, 319 F.3d at  1291.  Therefore, the district court complied with its duty under § 3553(a).  See Scott, 436 F.3d at 1329-30; Talley, 431 F.3d at 786.  Furthermore, the sentence the district court ultimately imposed was within-range and is accorded an expectation of reasonableness.  See Hunt, 459 F.3d at  1184; Talley, 431 F.3d at 786-88.  Accordingly, because the district court correctly imposed a reasonable sentence, we affirm his sentence as to this issue.  See Talley, 431 F.3d at 786.

**Enhanced Statutory Maximum**

Pursuant to 8 U.S.C. § 1326(a), a defendant convicted of illegal re-entry after being deported normally is subject to a two-year statutory maximum term of

imprisonment. Pursuant to § 1326(b)(2), however, a defendant convicted of illegal re-entry, after being deported for committing an aggravated felony, is subject to a 20-year statutory maximum term of imprisonment.

In Almendarez-Torres v. United States, the Supreme Court held that the government need not allege prior convictions in its indictment or prove such prior convictions beyond a reasonable doubt before using them to sentence a defendant. 523 U.S. 224, 243-44, 118 S.Ct. 1219, 1230-31, 140 L.Ed.2d 350 (1998). The Supreme Court has repeatedly reaffirmed this rule. See Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000) (creating a prior-conviction exception by holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"); Blakely v. Washington, 542 U.S. 296, 301, 303-04, 124 S.Ct. 2531, 2536, 2537-38, 159 L.Ed.2d 403 (2004) (reiterating the Apprendi rule); Booker v. United States, 543 U.S. 220, 244, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005) (holding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt").

8

We likewise have held that this rule remains good law. See United States v. Camacho-Ibarquen, 410 F.3d 1307, 1316 n.3 (11th Cir.), cert. denied, 126 S.Ct. 457 (2005) ("Although recent decisions. . . may arguably cast doubt on the future prospects of Almendarez-Torres's holding regarding prior convictions, the Supreme Court has not explicitly overruled Almendarez-Torres. As a result, we must follow Almendarez-Torres."); United States v. Orduno-Mireles, 405 F.3d 960, 963 (11th Cir.) ("Almendarez-Torres remains the law until the Supreme Court determines that Almendarez-Torres is not controlling precedent"), cert. denied, 546 U.S. 885 (2005). Indeed, we recently applied this rule in the § 1326(b)(2) context, holding that "the factual issue of whether a defendant has been convicted of an 'aggravated felony' for 8 U.S.C. § 1326(b)(2) enhancement purposes is not to be treated as an element of the offense for constitutional purposes, and as a result the prior conviction is not required to be alleged in the indictment." United States v. Greer, 440 F.3d 1267, 1273 (11th Cir. 2006).

Here, binding precedent demonstrates that the district court did not err in sentencing Bonilla pursuant to § 1326(b)(2). See Smith, 480 F.3d at 1279; Almendarez-Torres, 523 U.S. at 243-44, 118 S.Ct. At 1230-31. Accordingly, we affirm his sentence as to this issue.

**AFFIRMED.**

9