[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 28, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12435
Non-Argument Calendar

_____

D. C. Docket No. 99-08125-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALAN RICHARD LEWIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 25, 2008)**

Before ANDERSON, CARNES and HULL, Circuit Judges.

PER CURIAM:

Alan Richard Lewis appeals his 151-month sentence, imposed upon

resentencing, for: (1) conspiracy to commit mail fraud, in violation of 18 U.S.C. §§ 371, 1341, and 1343; (2) mail fraud, in violation of 18 U.S.C. §§ 1341, and 2; (3) conspiracy to launder proceeds of illegal activity, in violation of 18 U.S.C. § 1956(h); and (4) four counts of laundering mail and wire fraud proceeds, in violation of 18 U.S.C. § 1956(a)(1)(B). Lewis contends that the district court imposed a procedurally unreasonable sentence because it: (1) failed properly to consider the 18 U.S.C. § 3553(a) factors; and (2) enhanced his guideline offense level based on facts not charged in the indictment or found by the jury.

After United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), we review a defendant's sentence for reasonableness. United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005). "[A] sentence may be reviewed for procedural or substantive unreasonableness." United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). When reviewing the sentence for procedural reasonableness, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall v. United States, 552 U.S.___, 128 S. Ct. 586, 597 (2007).

2

"The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S.___, 127 S. Ct. 2456, 2468 (2007). Generally, when sentencing inside the advisory guideline range, the district court is required neither to state explicitly that it has considered each of the § 3553(a) factors in open court, nor to give a lengthy explanation for its sentence. See United States v. Agbai, 497 F.3d 1226, 1230 (11th Cir. 2007) (citing Rita, 551 U.S. at___, 127 S. Ct. at 2468–69).

18 U.S.C. § 3553(a) provides that the district court "shall impose a sentence that is sufficient, but not greater than necessary," to comply with the need for the sentence imposed:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a). Other factors that the sentencing court should consider under § 3553(a) include the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, and the applicable guidelines range. See United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005)

3

(citing 18 U.S.C. § 3553(a)). Booker does not prohibit a district court from making findings beyond what the defendant admits when the defendant is not sentenced beyond the statutory maximum, and the court considers the guidelines as merely advisory. United States v. Smith, 480 F.3d 1277, 1281 (11th Cir.), cert. denied, 128 S. Ct. 175 (2007).

Contrary to Lewis' contention, at his sentence hearing the district court not only stated that it had considered all of the § 3553(a) factors, but it also discussed several of them. Specifically, the court discussed Lewis's characteristics, the need to deter others from committing similar frauds, and stated that the nature of the offense was "very, very serious" and that it had financially devastated numerous individuals. Lewis has not demonstrated that the district court imposed a procedurally unreasonable sentence by failing to consider the § 3553(a) factors. See Talley, 431 F.3d at 786.

Additionally, Lewis' 151-month sentence, at the bottom of the guidelines range, is less than the statutory maximum of 20 years imprisonment for the mail and wire laundering counts alone. The district court was therefore authorized when calculating the advisory guidelines range to find by a preponderance of the evidence facts beyond those that Lewis admitted or that were found by the jury beyond a reasonable doubt. See Smith, 480 F.3d at 1281.

4

**AFFIRMED.**