[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 16, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12454
Non-Argument Calendar

_____

D. C. Docket No. 99-08125-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARLAND HOGAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 16, 2008)**

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Garland Hogan, proceeding pro se, appeals his 276-month sentence,

imposed on resentencing for his convictions on one count of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 371, nine counts of mail fraud in violation of 18 U.S.C. § 1341, one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), and one count of money laundering in violation of 18 U.S.C. § 1957. Hogan contends that: (1) his Sixth Amendment right to a jury trial was violated because the judge enhanced his sentence based on facts neither found by the jury nor admitted by him; and (2) his sentence is unreasonable because the district court failed to consider the disparity between his sentence and the shorter sentences received by one of his co-defendants and by many other defendants convicted of similar fraud-related offenses.

As to Hogan's first contention, United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), established that sentence enhancements based solely on judicial fact-finding pursuant to the mandatory sentencing guidelines violates the Sixth Amendment. Id. at 233–35, 259–60, 125 S. Ct. at 749–51. However, "[w]hen the district court applies the Guidelines in an advisory manner, nothing in Booker prohibits district courts from making, under a preponderance-of-the-evidence standard, additional factual findings that go beyond a defendant's admissions." United States v. Smith, 480 F.3d 1277, 1281 (11th Cir.), cert. denied, 128 S. Ct. 175 (2007). "[A] district court may enhance a sentence based upon judicial fact-

finding provided that its findings do not increase the sentence beyond the statutory maximum authorized by facts determined in a guilty plea or jury verdict." United States v. Dean, 487 F.3d 840, 854 (11th Cir. 2007), cert. denied, ___S. Ct.___ (2008).

The district court did not violate Hogan's Sixth Amendment rights. At his resentence hearing, the court recognized that the guidelines are advisory and sentenced Hogan to a total of 276 months imprisonment, which was below the statutory maximum sentence he could have received. Accordingly, the court was entitled to enhance his sentence based on findings of fact it made by a preponderance of the evidence. See Smith, 480 F.3d at 1281.

Hogan's other contention is that his sentence, which was below the guidelines range, is unreasonable because the district court failed to consider that it is significantly longer than the sentences received by one of his codefendants and by many other individuals convicted of similar fraud-related offenses. We review the final sentence imposed by the district court for reasonableness. Booker, 543 U.S. at 264, 125 S. Ct. at 767; United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005). "Our review for reasonableness is deferential, and the party challenging the sentence has the burden of establishing unreasonableness." United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007).

The district court must impose a sentence that is both procedurally and substantively reasonable. Gall v. United States, 552 U.S.___, ___, 128 S. Ct. 586, 597 (2007). After Booker, we established a two-step process for district courts to use in sentencing: first, the district court must consult the sentencing guidelines and correctly calculate the guidelines range; second, the district court must consider the factors listed in 18 U.S.C. § 3553(a) in arriving at a reasonable sentence. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005).

A sentence may be procedurally unreasonable if the district court improperly calculates the guidelines range, treats the sentencing guidelines as mandatory rather than advisory, fails to consider the appropriate statutory factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence. Gall, 552 U.S. at ___, 128 S. Ct. at 597. After we have determined that the sentence is procedurally sound, Gall directs us to review the substantive reasonableness of a sentence under an abuse of discretion standard. Id. The review for substantive reasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the challenged sentence. Id. at ___, 128 S. Ct. at 597–600.

In its consideration of the § 3553(a) factors, the district court does not need to discuss or state each factor explicitly. United States v. Scott, 426 F.3d 1324,

4

1329 (11th Cir. 2005). Instead, an acknowledgment by the district court that it has considered the defendant's arguments and the § 3553(a) factors will suffice. Id. at 1330. We will defer to the judgment of the district court in the weight given to the § 3553(a) factors unless the district court has made "a clear error of judgment" and has imposed "a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. McBride, 511 F.3d 1293, 1297–98 (11th Cir. 2007) (citations omitted).

The § 3553(a) factors include the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the guidelines range, the pertinent policy statements of the Sentencing Commission, and the need to provide restitution to victims. See 18 U.S.C. § 3553(a)(1), (3)–(5), (7). Another factor the sentencing court must consider is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Id. § 3553(a)(6).

Hogan has not shown that his sentence is unreasonable. At his resentence hearing, the district court, after correctly calculating the guidelines range, stated that the court was aware that it was required to consider all of the § 3553(a) factors and it went on to discuss several of them, including the history and characteristics of the defendant, the seriousness of the offense, the need to deter others from

5

committing similar crimes, and the need to protect the public.

Hogan has not presented any evidence of similarly situated defendants receiving shorter sentences. The one codefendant he points to, Jeffrey Paine, pleaded guilty to a single count of conspiracy to defraud the United States in violation of 18 U.S.C. § 371, which carried a statutory maximum of 60 months imprisonment. In addition, although Hogan argues that his sentence was well above the average sentence received by other defendants convicted of fraud-related crimes, he has failed to present any evidence that those defendants had similar records and were convicted of similar conduct.

For these reasons, Hogan has not shown that his 276-month sentence, which was well below the guidelines range of 324 to 405 months imprisonment, is either procedurally or substantively unreasonable. See Clay, 483 F.3d at 743.

**AFFIRMED.**