[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-14077
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 19, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00026-CR-3-001-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISAAC JEROME SMITH,
a.k.a. Sherome Lee Shannon,
a.k.a. Sheron Lee Shannons,
a.k.a. Sherone Lee Shannons,
a.k.a. Isaac Smith,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(March 19, 2007)**

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

MARCUS, Circuit Judge:

Isaac Jerome Smith appeals his 294-month sentence for possession of ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e). On appeal, Smith argues that: (1) the district court erred by finding that he used the ammunition "in connection with" another felony offense; and (2) the district court erred under United States v. Booker, 543 U.S. 220 (2005), by enhancing his sentence based on facts not proven to a jury beyond a reasonable doubt and sentencing him under a mandatory Guidelines system.[1]  After careful review, we affirm.

We review the district court's application and interpretation of the Sentencing Guidelines de novo and its factual findings for clear error. United States v. Kinard, 472 F.3d 1294, 1297 n.3 (11th Cir. 2006) (per curiam); United States v. Rhind, 289 F.3d 690, 693 (11th Cir. 2002).  We review the ultimate sentence imposed for reasonableness, in the context of the factors outlined in 18 U.S.C. § 3553(a). United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005) (per curiam).  Because Smith raises his Booker claims for the first time on appeal, our review is for plain error.  See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 545 U.S. 1127 (2005).

---

[1]In light of our decision on Smith's first argument, and given his concession that his prior convictions are of the type and seriousness so as to render him eligible for enhancement under the Armed Career Criminal Act ("ACCA"), we reject his challenge to the district court's enhancement of his offense level pursuant to U.S.S.G. § 4B1.4.

According to the presentence investigation report ("PSI"), which the district court adopted, and the testimony presented at Smith's sentencing hearing, the facts relevant to Smith's sentencing arguments are these. On January 27, 2006, Deputy Michael Gilmore, of the Escambia County Sheriff's Office, executed a traffic stop of a vehicle in which Smith was a passenger. During the stop, Deputy Gilmore observed Smith attempt to conceal a firearm and to put a bag of suspected cocaine in his sock. Deputy Gilmore instructed Smith to place his hands on his head, but Smith instead reached underneath the seat. Deputy Gilmore then pulled on Smith's arm in an attempt to pull him from the vehicle. After Smith managed to manoeuver out of Gilmore's grip, Smith pulled the bag from his sock and dropped it on the floorboard of the vehicle. Smith then exited the car and tried to strike Deputy Gilmore. After a struggle, Smith escaped on foot.

Deputy Gilmore pursued Smith and observed him throw an object to the ground. After Smith was apprehended, Gilmore found a .38 caliber bullet in the location on the street where he had seen Smith throw the object. A search of Smith at the scene resulted in the recovery of another .38 caliber bullet from his front shirt pocket. A corrections deputy at the jail discovered yet another bullet in Smith's front pants pocket.

The driver of the stopped car left the scene in his car when Gilmore began chasing Smith. The driver was never identified, and officers never recovered the handgun or bag of suspected cocaine that Deputy Gilmore had observed in Smith's possession during the initial stop of the vehicle.

At Smith's sentencing hearing, Special Agent Craig Saier, of the Bureau of Alcohol, Tobacco, and Firearms, testified that Smith previously had been convicted of two robberies that involved firearms. About three months after his release from imprisonment for the robberies, he was arrested for selling cocaine. During his arrest, he attempted to use a firearm against the arresting officers. Special Agent Saier also described some phone calls Smith had made from the jail after his arrest on the instant charges, during which Smith told the other person (who Special Agent Saier believed was Smith's wife) that "that lady no longer has what was in the car at the time it was stopped, that she would have gotten rid of it." When confronted with the phone calls, Smith admitted that the driver's name was Monique, but claimed that he did not know her last name or where she resided.

The PSI recommended a base offense level of 24 and a 4-level upward enhancement for possession of a firearm or ammunition in connection with another felony offense (resisting arrest with violence), pursuant to U.S.S.G. § 2K2.1(b)(5). In addition, the PSI noted that because Smith was subject to an enhanced sentence

under 18 U.S.C. § 924(e), his adjusted offense level was a 34, pursuant to U.S.S.G. § 4B1.4(b)(3)(A), since he possessed ammunition in connection with a crime of violence. With an adjusted offense level of 34 and a criminal history category VI, Smith faced an advisory Guidelines range of 262 to 327 months imprisonment.

The district court overruled Smith's objections to the PSI's imposition of the enhancement under U.S.S.G. § 2K2.1(b)(5), finding that Smith possessed the ammunition in connection with a drug felony. More specifically, the court found that Deputy Gilmore's testimony established the presence of a firearm, and that even if there was no firearm, the ammunition was sufficiently connected with Smith's resistance of an officer. The district court also noted, alternatively, that the enhancement applied because the ammunition was possessed in connection with the drugs that Gilmore witnessed Smith drop in the car.

After adopting the PSI's findings and recommendations, the district court imposed a 294-month term of imprisonment followed by a 5-year term of supervised release. In imposing sentence, the court stated that it had consulted the advisory Guidelines range and the factors set forth in 18 U.S.C. § 3553(a) in arriving at the sentence. This appeal followed.

First, Smith argues the district court erred by finding that his possession of the ammunition was "in connection with" another felony, within the meaning of

U.S.S.G. § 2K2.1(b)(5), which provides: "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense . . . increase [the base offense level] by 4 levels." U.S.S.G. § 2K2.1(b)(5) (2005). The other "felony offense" is defined as any offense (federal, state, or local) punishable by imprisonment for a term of more than one year, whether or not the defendant was charged with that offense. Id. at cmt. n.4.

We have held that the term "in connection with" in U.S.S.G. § 2K2.1(b)(5) should be given its ordinary and natural meaning, and we have expressly rejected a more restrictive interpretation. Rhind, 289 F.3d at 695; see also United States v. Young, 115 F.3d 834, 838 (11th Cir. 1997) (per curiam) (refusing to adopt a more restrictive interpretation that required the firearm to serve a purpose related to the crime). Moreover, in interpreting Guideline provisions that contain an "in connection with" requirement identical to U.S.S.G. § 2K2.1(b)(5), we have held that. "in certain circumstances, mere possession of a firearm can be enough to apply a sentencing enhancement." United States v. Jackson, 276 F.3d 1231, 1234 (11th Cir. 2001).

Here, a preponderance of the evidence supported the district court's finding that Smith possessed the ammunition in connection with the other felony offenses of either cocaine possession or resisting arrest, or both. Cf. United States v.

6

Askew, 193 F.3d 1181, 1183 (11th Cir. 1999) (holding that the government bears the burden of establishing by a preponderance of the evidence the facts necessary to support a sentencing enhancement). Deputy Gilmore described seeing Smith in possession of a white, powdery substance, which Smith attempted to conceal in his sock. Moreover, Gilmore observed Smith attempt to reach into an area below his seat, where Gilmore had seen him drop a firearm, shortly before Smith began fighting with Gilmore.[2] On this record, we discern no error in the district court's conclusion that the government had met its burden to establish, by a preponderance of the evidence, the facts necessary to support the sentencing enhancement.

Next Smith argues, for the first time on appeal, that the district court erred under Booker by treating the Guidelines as mandatory and making additional factual findings to support enhancement of his sentence. Booker holds that "the Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.) (emphasis

---

[2] We find Smith's argument concerning Gilmore's credibility and whether he indeed saw a gun and drugs to be without merit, in light of the district court's factual findings. Cf. United States v. Calderon, 127 F.3d 1314, 1325 (11th Cir. 1997) (holding that credibility determinations are the exclusive province of the fact finder (quotations omitted)), modified on other grounds, United States v. Toler, 144 F.3d 1423 (11th Cir. 1998).

7

in original), cert. denied, 545 U.S. 1127 (2005). When the district court applies the Guidelines in an advisory manner, nothing in Booker prohibits district courts from making, under a preponderance-of-the-evidence standard, additional factual findings that go beyond a defendant's admissions. See United States v. Chau, 426 F.3d 1318, 1322-23 (11th Cir. 2005). Moreover, "[t]he district court's factual findings for purposes of sentencing may be based on, among other things, evidence heard during trial, undisputed statements in the PSI, or evidence presented during the sentencing hearing." United States v. Polar, 369 F.3d 1248, 1255 (11th Cir. 2004); see also United States v. Shelton, 400 F.3d 1325, 1329-30 (11th Cir. 2005) (holding that when a defendant fails to object to a fact contained in the PSI or in the government proffer at the plea colloquy, the defendant is deemed to have admitted the fact, which may then be used to enhance the sentence).

From our review of the transcript from the sentencing hearing, it is clear that the district court considered the Guidelines to be advisory. Indeed, the district judge explicitly stated that she had consulted the "advisory range" and determined that no departures from that range were warranted. The court also noted that it had considered the factors set forth in 18 U.S.C. § 3553(a) in arriving at a sentence. Thus, the record showed that the district court understood the Guidelines to be advisory, recognized its authority to vary from them, and ultimately concluded that

a 294-month term of imprisonment "is sufficient but not greater than necessary to comply with the purposes of sentencing set forth in [§ 3553(a)]." Because the court understood it was operating under an advisory scheme, its fact-finding did not implicate the Sixth Amendment. See Chau, 426 F.3d at 1323 ("As we have explained, 'all nine [justices] agreed that the use of extra-verdict enhancements in an advisory guidelines system is not unconstitutional.'" (citation omitted)). We affirm Smith's sentence because the district court did, in fact, consider the advisory Guidelines range, as well as the § 3553(a) factors, and imposed a reasonable sentence.

**AFFIRMED.**