[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 30, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10497
Non-Argument Calendar

_____

D. C. Docket No. 06-20561-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD MENDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 30, 2007)**

Before BIRCH, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Richard Mendez appeals the 12-month sentence imposed following his

guilty plea to one count of conspiracy to defraud the government with respect to claims, 18 U.S.C. § 286, and five counts of theft of public money, 18 U.S.C. § 641.

Under the direction of a central group of conspirators, who were charged in a separate indictment, Mendez applied for and received Social Security Administration ("SSA") disability benefits to which he was not entitled. Mendez was one of many individuals who fraudulently obtained benefits while working with the central conspirators. Mendez purported, at first, to have a disabling condition of obesity with severe back and knee pain, among other ailments. Later, Mendez indicated that his disabling condition was severe back and knee pain with a herniated disk. To support these representations, Mendez relied upon reports from fictitious physicians and forged medical records. Mendez succeeded in obtaining $100,010.60 in disability benefits from the United States government.

On appeal, Mendez argues that the district court erred in denying him a minor-role reduction. Mendez notes that he had no ownership interest in the fraudulent venture, did not personally fill out the fraudulent forms, and did not create the falsified medical documents.

"We review the district court's application and interpretation of the Sentencing Guidelines *de novo* and its factual findings for clear error." *United States v. Smith*, 480 F.3d 1277, 1278 (11th Cir. 2007), *petition for cert. filed*, (U.S.

2

June 14, 2007) (No. 06-11901) (citations omitted). The district court's determination of a defendant's role in the offense is a factual determination that we review for clear error. *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).

A defendant who is "plainly among the least culpable of those involved in the conduct of a group," and who has a "lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others" is entitled to a four-level reduction for his minimal role. U.S.S.G. § 3B1.2(a), comment. (n.4). A defendant "who is less culpable than most other participants, but whose role could not be described as minimal" is entitled to a two-level reduction for his minor role. U.S.S.G. § 3B1.2(b), comment. (n.5). The defendant bears the burden of proving a mitigating role in the offense by a preponderance of the evidence. *De Varon*, 175 F.3d at 939.

The district court performs a two-prong test in making a mitigating-role determination. *Id*. at 940-45. Although *De Varon* dealt with a defendant charged with a controlled substance offense, the *De Varon* analysis is also applicable to fraud conspiracies. *See United States v. Hunter*, 323 F.3d 1314, 1323 (11th Cir. 2003).

"First and foremost, the district court must measure the defendant's role

3

against the relevant conduct for which [he] has been held accountable." *De Varon*, 175 F.3d at 940. "[W]here the relevant conduct attributed to a defendant is identical to [his] actual conduct, [he] cannot prove that [he] is entitled to a minor role adjustment simply by pointing to some broader criminal scheme in which [he] was a minor participant but for which [he] was not held accountable." *Id*. at 941.

In the second prong, the district court may "measure the defendant's culpability in comparison to that of other participants in the relevant conduct." *Id.* at 944. A defendant must show more than that he "was somewhat less culpable than the other discernable participants." *Id.* Rather, the defendant must be "less culpable than *most other participants* in [his] relevant conduct." *Id.* Additionally, the "conduct of participants in any larger criminal conspiracy is irrelevant." *Id.* Finally, even if a defendant can show that his role was less than that of other participants, this "may not be dispositive of role in the offense, since it is possible that none are minor or minimal participants." *Id.*

The district court did not clearly err in determining that Mendez did not play a minor or minimal role in the benefits fraud conspiracy. Mendez personally defrauded the SSA of $100,010.60, the total amount he unlawfully received in disability checks. Mendez's sentence only held him responsible for the Social Security disability benefits with which he was personally involved. As such, the

4

district court did not clearly err in determining that he did not have a minor role in the obtainment of those benefits. *See id.* at 942-43. In addition, Mendez failed to show that his role was any less than the average participant or why the "minor participant" status is applicable when, again, Mendez's sentence only held him responsible for the money he defrauded and received from the SSA. *See id.* at 944. Accordingly, we affirm.

**AFFIRMED.**