[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 26, 2007
THOMAS K. KAHN
CLERK

No. 06-15379
Non-Argument Calendar

_____

D. C. Docket No. 06-14005-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHETANAND KUMAR SEWRAZ,
a.k.a. Ashley Sewraz,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 26, 2007)**

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Chetanand Sewraz appeals his concurrent 115-month sentences imposed for

possession of a destructive device by an alien, in violation of 18 U.S.C.

§ 922(g)(5), and possession of an unregistered destructive device, in violation of

26 U.S.C. § 5861(d).  On appeal, Sewraz argues that the district court improperly

calculated the guideline range when it granted a two-level upward departure based

on the risk of death or serious bodily injury created by the device pursuant to

U.S.S.G. § 2K2.1, comment. (n.8).

Based on this record, we conclude that the district court did not err in relying

on the risk of injury created by the location of the destructive device to grant a

departure because it was an encouraged factor not already accounted for in the

applicable guideline.  Furthermore, the facts established at the sentencing hearing

were sufficient to support the district court's finding that Sewraz's conduct posed a

substantial risk of serious bodily injury.  Because Sewraz did not object to any of

the factual finding in the PSI, the district court did not commit error, plain or

otherwise, in relying on those facts.  See United States v. Smith, 480 F.3d 1277,

1281 (11th Cir.), cert. denied, (No. 06-11901) (Oct. 1, 2007) (undisputed factual

matters in the PSI are deemed admitted and may be relied upon by the district court

in determining the defendant's sentence).  The undisputed facts reveal that Sewraz

placed the device in a public parking lot occupied by several cars, and he left the

device at a time when patrons of a nearby hotel and restaurant would be using the

lot.  Sewraz had constructed the device so it would ultimately explode, creating a fire and releasing shrapnel.  The district court, having concluded that Sewraz's actions created an increased risk injury based on the location of the device, did not abuse its discretion in finding that such a risk warranted an upward departure.  Moreover, the extent of departure is not unreasonable given the nature and seriousness of the offense.

**AFFIRMED.**