[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15851
Non-Argument Calendar

_____

D. C. Docket No. 07-00153-CR-J-33-JRK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN BELTRAN-GABITO,
a.k.a. Jose Juan Rodriguez-Beltran,
a.k.a. Juan Beltran,
a.k.a. Juan Beltran-Gavito,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 3, 2008)

Before TJOFLAT, BLACK and WILSON, Circuit Judges.

PER CURIAM:

Juan Beltran-Gabito, a Mexican citizen, appeals his 49-month sentence for entering the United States after being deported or removed, in violation of 8 U.S.C. § 1326.

On appeal, Beltran-Gabito first argues that his 49-month sentence is illegal because he pled to simple reentry pursuant to 8 U.S.C. § 1326(a), which carries a statutory maximum sentence of 2 years' imprisonment, as opposed to reentry after deportation following an aggravated felony under § 1326(b). He acknowledges that in *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998), the Supreme Court held that a defendant's prior "aggravated felony" conviction need not be alleged in an indictment for a court to enhance the defendant's sentence under § 1326(b), but he argues that more recent cases have indicated that a majority of the Supreme Court no longer supports the holding of *Almendarez-Torres*, thereby calling its continued validity into question.

Sixth Amendment challenges to a sentences raised for the first time on appeal are reviewed only for plain error. *United States v. Smith*, 480 F.3d 1277, 1279 (11th Cir.), *cert. denied*, 128 S. Ct. 175, 169 L. Ed. 2d 119 (2007). Under plain error review, we have only "a limited power to correct errors that were forfeited because [they were] not timely raised in [the] district court." *United States v. Olano*, 507 U.S. 725, 731, 113 S. Ct. 1770, 1776, 123 L. Ed. 2d 508

(1993).  We may not correct an error that the defendant failed to raise in the district court unless there is: "(1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Cotton*, 535 U.S. 625, 631, 122 S. Ct. 1781, 1785, 152 L. Ed. 2d 860 (2002) (internal quotations marks omitted).  "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotations marks omitted).

The Supreme Court has instructed that plain error review should be exercised "sparingly," *Jones v. United States*, 527 U.S. 373, 389, 119 S. Ct. 2090, 2102, 144 L. Ed. 2d 370 (1999), and only "in those circumstances in which a miscarriage of justice would otherwise result," *Olano*, 507 U.S. at 736, 113 S. Ct. at 1779 (internal quotation marks omitted).  Similarly, we have held that "[t]he plain error rule places a daunting obstacle before [the appellant]." *United States v. Pielago*, 135 F.3d 703, 708 (11th Cir. 1998).

It is illegal to enter the United States after being deported, and the offense normally carries a maximum sentence of two years' imprisonment.  8 U.S.C. § 1326(a). If, however, the alien was removed subsequent to a conviction for an aggravated felony, the offense carries a maximum sentence of 20 years' imprisonment. 8 U.S.C. § 1326(b)(2).  Beltran-Gabito does not challenge the

conclusion that his prior conviction constitutes an aggravated felony.

In *Almendarez-Torres*, the Supreme Court held the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions in order for the district court to use those convictions for purposes of enhancing a sentence. *Almendarez-Torres*, 523 U.S. at 235-39, 118 S. Ct. at 1226-29. The Court also clarified that § 1326(b)(2) sets forth a sentencing factor as to the offense described in § 1326(a) and "not a separate criminal offense." *Id.* at 235, 118 S. Ct. at 1226. The Court has also stated that its "decisions remain binding precedent until [it] see[s] fit to reconsider them, regardless of whether subsequent cases have raised doubts about their continuing vitality." *Hohn v. United States*, 524 U.S. 236, 252-53, 118 S. Ct. 1969, 1978, 141 L. Ed. 2d 242 (1998). We have held, moreover, that while recent decisions of the Supreme Court may have arguably cast doubt on *Almendarez-Torres*, the case is still controlling precedent because the Supreme Court has not explicitly overruled it. *United States v. Camacho-Ibarquen*, 410 F.3d 1307, 1316 n.3 (11th Cir. 2005) (per curiam).

Thus, because *Almendarez-Torres* remains good law, the district court did not err, much less plainly err, in increasing Beltran-Gabito's offense level due to the aggravated felony.

4

Beltran-Gabito next argues that even if his sentence was not unconstitutionally enhanced, we must vacate his sentence because the district court orally pronounced a 49-month sentence but imposed a 51-month sentence in its written judgment. Beltran-Gabito is correct that the written judgment erroneously pronounced a sentence of 51 months' imprisonment. That judgment has since been amended, however, to reflect the same 49-month sentence that the court pronounced orally at his sentencing hearing. Because the court unambiguously pronounced a judgment of 49 months' imprisonment orally, it was allowed to correct its clerical error. Therefore, Beltran-Gabito has already received the relief that he is seeking from this Court, and the issue is no longer live, rendering his appeal on this issue moot. *See 31 Foster Children v. Bush*, 329 F.3d 1255, 1263 (11th Cir. 2003) ("[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." (internal quotation marks omitted)).

For the reasons set forth above, Beltran-Gabito's sentence is affirmed, and his appeal is dismissed in part.

**AFFIRMED IN PART, DISMISSED IN PART.**