[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 26, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15242
Non-Argument Calendar

_____

D. C. Docket No. 07-60157-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUSTAVO GONZALEZ-LOPEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 26, 2008)**

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Gustavo Gonzalez-Lopez appeals from his 46-month sentence, imposed after

he pled guilty to one count of illegally re-entering the United States after having

been deported, in violation of 8 U.S.C. § 1326(a). On appeal, Gonzalez-Lopez argues that his Fifth and Sixth Amendment rights were violated because the district court enhanced his sentence based on facts that it found under a preponderance-of-the-evidence standard and that were not charged in the indictment or found by a jury beyond a reasonable doubt. After thorough review, we affirm.

We review constitutional challenges to a sentence de novo. United States v. Campbell, 491 F.3d 1306, 1314 (11th Cir. 2007).

Section 1326(a) of Title 8 provides that an alien who has been removed from the United States and subsequently re-enters the United States without receiving permission from the Attorney General may be imprisoned, but not for more than two years. 8 U.S.C. § 1326(a). Subsection (b)(2) provides that any alien described in subsection (a), "whose removal was subsequent to a conviction for commission of an aggravated felony, [] shall be fined under such Title, imprisoned not more than 20 years, or both[.]" 8 U.S.C. § 1326(b)(2).

In Almendarez-Torres v. United States, a defendant who was charged with illegally re-entering the United States after being deported under 8 U.S.C. § 1326(a), argued that he could not be sentenced to more than two years' imprisonment because his prior aggravated felonies were not mentioned in the indictment, such that he could not be sentenced under § 1326(b)(2). 523 U.S. 224,

227 (1998). The Supreme Court rejected his argument and held that 8 U.S.C. § 1326(b)(2) is a penalty provision, not a separate crime, and that "neither the statute nor the Constitution requires the Government to charge . . . an earlier conviction[] in the indictment." Id. at 226-27.

The district court did not err in enhancing Gonzalez-Lopez's sentence using a prior aggravated felony that was not alleged in the indictment. This practice is permitted under Almendarez-Torres, which remains binding precedent. See United States v. Dowd, 451 F.3d 1244, 1253 (11th Cir. 2006) (recognizing that we are bound by Almendarez-Torres until it is explicitly overruled by the Supreme Court). Furthermore, Gonzalez-Lopez did not object to the statement in the PSI nor the government's proffer that he had a prior conviction that constituted an aggravated felony. Therefore, he admitted that fact, and the district court did not engage in any erroneous judicial fact-finding about his prior conviction. See United States v. Smith, 480 F.3d 1277, 1281 (11th Cir.) ("when a defendant fails to object to a fact contained in the PSI or in the government proffer at the plea colloquy, the defendant is deemed to have admitted the fact, which may then be used to enhance the sentence") (citation omitted), cert. denied, 128 S.Ct. 175 (2007).

Accordingly, the district court committed no reversible error, and we affirm.

**AFFIRMED.**