[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 29, 2010
JOHN LEY
CLERK

_____

No. 10-10499
Non-Argument Calendar

_____

D. C. Docket No. 1:09-cr-20560-JAL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SELWYN EMERSON HAZEL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 29, 2010)

Before HULL, WILSON and FAY, Circuit Judges.

PER CURIAM:

After pleading guilty, Selwyn Emerson Hazel appeals his 100-month

sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, Hazel argues that the district court erred in applying a four-level enhancement, under U.S.S.G. § 2K2.1(b)(6), for possessing the firearm in connection with another felony offense. After review, we affirm.[1]

Under U.S.S.G. § 2K2.1(b)(6), a defendant's base offense level is increased by four levels if "the defendant used or possessed any firearm or ammunition in connection with another felony offense . . ." U.S.S.G. § 2K2.1(b)(6). "Another felony offense" includes crimes that would be punishable by imprisonment for a term exceeding one year under federal, state, or local law, "regardless of whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1 cmt. n.14(C). The "in connection with" requirement is satisfied when "the firearm . . . facilitated, or had the potential of facilitating, another felony offense . . . ." U.S.S.G. § 2K2.1 cmt. n.14(A). The guidelines commentary clarifies that the four-level enhancement applies when the other felony offense is a "drug trafficking offense" and the "firearm is found in close proximity to drugs . . . because the presence of the firearm has the potential of facilitating another felony offense . . . ." U.S.S.G. § 2K2.1 cmt. n.14(B).

---

[1] We review a district court's application of the Sentencing Guidelines de novo and its factual findings for clear error. United States v. Smith, 480 F.3d 1277, 1278 (11th Cir. 2007).

Here, the district court properly applied § 2K2.1(b)(6)'s four-level enhancement. The Presentence Investigation Report ("PSI") recounted these facts, which Hazel did not dispute and thus admitted. See United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006) ("It is the law of this circuit that a failure to object to allegations of fact in a PSI admits those facts for sentencing purposes.") While conducting surveillance on a street-level drug dealer at an apartment complex, police officers saw Hazel arrive in a taxicab and purchase a small baggie of a white substance from the drug dealer. Because the taxicab did not wait, Hazel left the area on foot. An officer approached Hazel and told him, "Don't get rid of the dope." The officer then saw Hazel throw the baggie of white powder into the grass in an abandoned lot. When Hazel began to reach into his right pocket, the officer grabbed him and placed plastic flex cuffs on his left hand. Hazel elbowed the officer in the chest and broke free, running approximately five feet before the officer tackled him to the ground. During the struggle, Hazel continued to try to reach for his right pocket. After Hazel was subdued, officers found a loaded .38 caliber revolver in his right front pants pocket. Officers were unable to find the baggie of white powder Hazel had thrown away.

At the sentencing hearing, Detective Andy Valdes testified that on the morning of Hazel's arrest, he observed the drug dealer conduct five other drug

transactions that resulted in arrests, after which officers recovered cocaine and marijuana. From a car parked approximately twenty to thirty feet away, Detective Valdes used binoculars to watch as Hazel exited the taxicab, walked up to the drug dealer and handed him U.S. currency. In exchange, the drug dealer gave Hazel a small plastic baggie of white powder. Detective Valdes described the baggie Hazel purchased as roughly one-half inch square.

Hazel does not dispute that his cocaine purchase is "another felony offense" within the meaning of U.S.S.G. § 2K2.1(b)(6). See Fla. Stat. § 893.13(2)(a)(1) (providing that purchase of cocaine under Florida Statute § 893.03(2)(a) —irrespective of quantity—is a second-degree felony). Instead, Hazel argues that, because he purchased only a small, personal-use amount, he did not commit a "drug trafficking offense." However, application of § 2K2.1(b)(6) is not limited to drug trafficking offenses. Rather, § 2K2.1(b)(6) applies to "another felony offense," which includes a felony drug offense that does not involve trafficking. See U.S.S.G. § 2K2.1 cmt. n.14(A). The commentary to U.S.S.G. § 2K2.1(b)(6) merely clarifies that, when the other felony offense is a drug trafficking offense, to satisfy the "in connection with" requirement, the drugs must be found in close proximity to the firearm. See U.S.S.G. § 2K2.1 cmt. n.14(B)(ii). Thus, whether Hazel's other felony is a drug trafficking offense is immaterial, so long as his

4

possession of the firearm "facilitated, or had the potential of facilitating" the other felony.

Hazel's argument that § 2K2.1(b)(6) requires an affirmative finding that the gun actually facilitated the cocaine purchase is also meritless. The commentary to § 2K2.1(b)(6) plainly states that for a firearm to be possessed "in connection with another felony offense," it need only have the "potential of facilitating" the other felony offense. See U.S.S.G. § 2K2.1 cmt. n.14(A). This Court has concluded that possession of a single bag of cocaine is an offense for which "mere possession of a firearm" is sufficient to trigger the § 2K2.1(b)(6) enhancement. See United States v. Smith, 480 F.3d 1277, 1279-81 (11th Cir. 2007) (concluding that district court properly applied § 2K2.1(b)(6) enhancement where officer saw defendant, who was a passenger in a car, try to hide a bag of a white powdery substance in his sock and a firearm under his seat and, after car left the scene, officer found bullets in defendant's pockets).[2] A reasonable fact-finder could readily infer from the factual circumstances of Hazel's possession of the firearm—a loaded gun in his front pocket where it was readily accessible while he purchased the cocaine and left on foot—that the firearm had the potential of facilitating Hazel's cocaine purchase.

---

[2]Because we affirm the district court's finding that Hazel possessed the firearm in connection with his cocaine purchase, which was sufficient to support the § 2K2.1(b)(6) enhancement, we do not address the district court's alternative basis for the enhancement—that Hazel also possessed the firearm in connection with his resisting arrest.

Thus, there was ample evidence to support the district court's finding that Hazel possessed the firearm "in connection with" his felony cocaine purchase.

Accordingly, the district court did not err in imposing the four-level enhancement pursuant to U.S.S.G. § 2K2.1(B)(6).  We affirm Hazel's 100-month sentence.

**AFFIRMED.**