[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-14069
Non-Argument Calendar

_____

D.C. Docket No. 2:13-cr-00028-IPJ-TMP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODNEY DEWAYNE CLARK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 25, 2014)

Before HULL, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Rodney Clark appeals his sentence of 27 months of imprisonment after pleading guilty to conspiracy to commit mail theft, in violation of 18 U.S.C. § 371, and mail theft by a United States Postal Service employee, in violation of 18 U.S.C. § 1709.  At sentencing, the district court applied a cross reference in United States Sentencing Guidelines (USSG) § 2B1.1(c)(1)(A), which applies the base offense level and specific offense characteristics of § 2K2.1 when "a firearm . . . was taken, or the taking of any such item was an object of the offense."  As a result of this cross reference, Clark's base offense level increased from 6 to 12 under § 2K2.1(a)(7), and he also received additional increases in his offense level based on § 2K2.1(b).  Clark argues that the cross reference in § 2B1.1(c)(1)(A) should not have applied to him because he lacked knowledge that he stole a package containing firearms.  After careful review, we affirm.

We review <u>de novo</u> the district court's interpretation of the Sentencing Guidelines.  <u>United States v. Barrington</u>, 648 F.3d 1178, 1194–95 (11th Cir. 2011). The district court's factual findings are reviewed for clear error, and its application of those facts to justify a sentencing enhancement is reviewed <u>de novo</u>.  <u>United States v. Walker</u>, 490 F.3d 1282, 1299 (11th Cir. 2007).  "Although district courts now consider the Guidelines only in an advisory fashion, USSG § 1B1.3 instructs

2

district courts to consider not merely the charged conduct, but rather all 'relevant conduct,' in calculating a defendant's offense level." United States v. Hamaker, 455 F.3d 1316, 1336 (11th Cir. 2006). The district court is not limited to only those facts that the defendant has admitted or pleaded guilty to and may consider relevant facts in the record, undisputed statements in the Presentence Investigation Report (PSI), or evidence proffered at the sentencing hearing. United States v. Smith, 480 F.3d 1277, 1281 (11th Cir. 2007). The district court's factual findings as to relevant conduct, however, must be supported by a preponderance of the evidence. United States v. Duncan, 400 F.3d 1297, 1304 (11th Cir. 2005).

This Court has not yet decided whether the cross reference in § 2B1.1(c)(1)(A) contains a knowledge requirement. We need not decide that question in this case, however, because the record contains ample circumstantial evidence that Clark knew that he was stealing firearms when he attempted to steal the package at issue here. Clark stipulated that the government executed a controlled delivery of a package containing 11 handguns. The label on the package stated that it was being sent from "Jiminez Arms" to "Gold Star Pawn." Clark also testified that he did not see that the package was being sent by Jiminez Arms, yet he chose to steal this particular package out of all the packages he handled that day. Finally, Clark admits that he sent a text message to his confederate after diverting the package of guns, which stated: "Got one comn pow

3

pow $ROCAFELLAS$." (emphasis added).  Based on this record, the district court had sufficient evidence to conclude that Clark was aware that he was stealing firearms when he stole the package at issue here.  Therefore, the district court did not err by applying the cross reference in § 2B1.1(c)(1)(A).

**AFFIRMED.**