[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10999
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-00433-ELR-JSA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN BRISTOL PATTERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 13, 2017)

Before JULIE CARNES, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Kevin Bristol Patterson appeals his sentences for conspiracy to possess with intent to distribute methamphetamine and heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), 846, and multiple counts of distribution and possession with intent to distribute methamphetamine and/or heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), (b)(1)(C).  He argues that the district court erred in determining the base offense level based on the marijuana equivalence to "ice," rather than to methamphetamine.  He also argues that the district court imposed a substantively unreasonable sentence.

## I.

We review a district court's interpretation and application of the sentencing guidelines *de novo* and its factual findings for clear error.  *United States v. Smith*, 480 F.3d 1277, 1278 (11th Cir. 2007).  If we find an error in the district court's application of the Guidelines, that error is harmless if the record as a whole reflects that the district court would have imposed the same sentence even without the error.  *United States v. Scott*, 441 F.3d 1322, 1329 (11th Cir. 2006).

The Sentencing Guidelines define "ice" as a mixture or substance containing d-methamphetamine hydrochloride of at least 80% purity.  U.S.S.G. § 2D1.1(c) note (C).  Under the Guidelines, 1 gram of "ice" equals 20 kilograms of marijuana and 1 gram of methamphetamine equals 2 kilograms of marijuana.  U.S.S.G § 2D1.1(D).  A defendant convicted of unlawful possession with intent to sell or

2

conspiracy to possess with intent to sell between 10,000 and 30,000 kilograms of marijuana has a base offense level of 34. U.S.S.G. § 2D1.1(a)(5) and (c). However, pursuant to chapter four of the Sentencing Guidelines, a career criminal receives an offense level of 37 if the statutory maximum sentence for his offense is life imprisonment. U.S.S.G. § 4B1.1(b). If the chapter four offense level for the career offender is greater than the offense level otherwise applicable, the chapter four offense level applies. (*Id*.).

The district court correctly determined Patterson's base offense level, regardless of whether it correctly used the marijuana equivalence of "ice," rather than methamphetamine, to determine the base offense level. This is because Patterson qualified as a career offender and the base offense level for a career offender with a statutory maximum of life was greater than any offense level otherwise applicable.

## II

We review the imposition of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The burden is on the party challenging the sentence to show that the sentence was unreasonable in light of the record and the § 3553(a) factors. *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008).

3

A sentence may be substantively unreasonable if a district court unjustifiably relied on any one § 3553(a) factor, failed to consider pertinent § 3553(a) factors, or based the sentence on impermissible factors. *Pugh*, 515 F.3d at 1191-92. The district court does not commit reversible error simply because it "attached great weight" to a single factor. *Id.* at 1192. The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). As such, the district court need not specifically address every mitigating factor raised by the defendant in order for the sentence to be substantively reasonable. *United States v. Snipes*, 611 F.3d 855, 873 (11th Cir. 2010). Additionally, comparing the sentence imposed against the statutory maximum sentence is one indication of reasonableness. *United States v. Valnor*, 451 F.3d 744, 751-52 (11th Cir. 2006).

Pursuant to 18 U.S.C. § 3553(a), the sentencing court must impose a sentence "sufficient, but not greater than necessary," to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future crimes of the defendant, and provide the defendant with needed educational or vocational training or medical care. 18 U.S.C. § 3553(a)(2). The court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant; the kinds of sentences available; the Sentencing Guidelines range; pertinent policy

statements of the Sentencing Commission; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to victims.  18 U.S.C. § 3553(a)(1), (3)-(7).

The district court did not impose a substantively unreasonable sentence for three reasons.  First, it did not unjustifiably rely on any 18 U.S.C. § 3553(a) factors when it relied on the nature and circumstances of the offense, Patterson's extensive criminal history, and his drug addiction.  Second, it did not fail to consider pertinent § 3553(a) factors, when it stated that it had considered the 18 U.S.C. § 3553(a) factors, had taken into account everything that had been presented, and was not required to address every mitigating factor.  Third, it did not base the sentence on impermissible factors, when it was permitted to rely on the criminal history of Patterson, his drug addiction, and the circumstances of the case. Accordingly, we affirm.

**AFFIRMED.**

5