[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10988
Non-Argument Calendar

_____

D.C. Docket No. 7:18-cr-00458-LSC-GMB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CORINTHIAN LEWIS MCMULLEN-BEY,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 16, 2021)

Before NEWSOM, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Corinthian McMullen-Bey appeals his 120-month prison sentence for knowingly possessing a firearm as a convicted felon.  He contends that the district court erred by finding he committed a sexual assault after his arrest in this case, his sentence was substantively unreasonable, and his case should be assigned to a different judge.  We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In September 2018, a grand jury indicted McMullen-Bey for knowingly possessing a firearm as a convicted felon, in violation of 18 U.S.C. section 922(g)(1).  He pleaded guilty and the probation office prepared a presentence investigation report.  According to the report, McMullen-Bey enlisted in the U.S. Army in 1980 and was honorably discharged three years later.  In September 2018, McMullen-Bey was diagnosed with post-traumatic stress disorder.  He has been homeless many times throughout his life.

The report detailed McMullen-Bey's extensive criminal history.  His seventeen prior convictions include assault, domestic violence, driving under the influence, possession of marijuana, unlawful possession of firearms, theft, and passing bad checks.  The report also listed two pending charges in Alabama state court:  unlawful possession of a firearm and sexual assault.  The report assigned McMullen-Bey a criminal history category of IV and a total offense level of seventeen.  The resulting guideline range was 37 to 46 months' imprisonment.

At the sentencing hearing, McMullen-Bey had no objections to the presentence investigation report. The district court then adopted the report's factual statements. McMullen-Bey told the court that he struggled with addiction to alcohol and marijuana and requested treatment for his substance-abuse issues and a sentence at the low end of the guideline range. He explained that he was carrying a gun because he felt unsafe, and he suggested his paranoia could be helped by mental health treatment.

The government recommended a sentence at the high-end of the guideline range. It argued that it had "learned of some new information," specifically that McMullen-Bey, after his arrest in this case, unlawfully possessed a firearm and committed a sexual assault on a thirteen-year-old boy. On the unlawful possession of a firearm charge, the government said that while McMullen-Bey was released on bond, he hid a firearm under his mattress at the VA facility where he was staying. McMullen-Bey admitted that "the government could meet its burden" to prove "that he did have another gun." He declined, however, to stipulate that he committed the sexual assault charge. The government argued it could prove that he did.

The government called Investigator Nate Courtland from the Tuscaloosa Police Department. Investigator Courtland testified that, on August 15, 2018, he learned of a sexual assault on a thirteen-year-old boy. The boy told Investigator Courtland that he was walking down the street and a man rode up on a bicycle,

3

grabbed him, "pulled him in the back" of a church, and forced him to perform oral sex. The boy said the man "looked like he was above [fifty]." The boy also said that "he had enough wits about himself" to ask when he and the man could do it again, and asked the man for his phone number. The man gave him his phone number.

When the boy got home, he told his mother what happened and she took him to the hospital. Investigator Courtland tracked down the phone number and it "came back" to McMullen-Bey. McMullen-Bey refused to talk. Investigator Courtland put McMullen-Bey's photo in a lineup, showed it to the boy, and the boy "picked [McMullen-Bey] out of [the] lineup." Investigator Courtland then tried to interview McMullen-Bey, but McMullen-Bey refused to speak with him.

On cross-examination, Investigator Courtland confirmed that he did not have a copy of the photo lineup, and the boy, when shown the lineup, wrote down "maybe McMullen-Bey." Investigator Courtland also agreed that he had told defense counsel before the hearing that he "felt like it was a flimsy case" and "did not expect the grand jury to indict it." Investigator Courtland testified that he did not go to McMullen-Bey's home and tried, but failed, to locate the bicycle because he "couldn't find a good address for [McMullen-Bey]." Investigator Courtland confirmed that "there were DNA tests done," but they "came back inconclusive."

4

Consistent with the written plea agreement, the government recommended a within-guidelines sentence. McMullen-Bey renewed his request for a low-end guideline sentence that would "run concurrent to any yet-to-be-imposed sentence." He argued that the pending sexual assault case "should be handled in state court" and, if convicted, he would receive "a hefty sentence," although "it sound[ed] like there [was] a very good chance he would be acquitted."

The district court said that the government's recommendation was "way too low" and made clear that it was "not affected by the government's recommendation whatsoever and [its] sentence [was] absolutely independent of that." The district court focused on McMullen-Bey's extensive criminal history, noting he had "one offense right after another." The district court also pointed out that his criminal history didn't include the two pending state court offenses. Based on the stipulation, it found that McMullen-Bey had "possessed a new firearm" while on bond for this case, making that his "fifth" unlawful possession of a firearm. And, based on Investigator Courtland's testimony, it found that McMullen-Bey committed the sexual assault, noting it would have been "almost impossible" for the boy to have McMullen-Bey's cell phone number and tentatively pick him out of a lineup if McMullen-Bey was not the abuser.

The district court sentenced McMullen-Bey to 120 months' imprisonment followed by three years of supervised release. McMullen-Bey objected to the "reasonableness of the sentence and the findings of the court."

## STANDARDS OF REVIEW

We review the district court's factual findings underlying its sentence for clear error. United States v. Hall, 965 F.3d 1281, 1293 (11th Cir. 2020). A finding is clearly erroneous if, after reviewing all of the evidence, we are left with a "definite and firm conviction" that the district court committed a mistake. United States v. Rodriguez-Lopez, 363 F.3d 1134, 1137 (11th Cir. 2004). We review for an abuse of discretion the substantive reasonableness of a sentence. United States v. Irey, 612 F.3d 1160, 1186, 1188–89 (11th Cir. 2010) (en banc). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." Id. at 1189.

## DISCUSSION

McMullen-Bey argues on appeal that: (1) the district court finding that he committed the sexual assault was erroneous because it was based on unreliable hearsay evidence; (2) his sentence was substantively unreasonable; and (3) his case should be assigned to a different judge on remand because the sentencing judge

6

would have difficulty setting aside his previous findings.   We address these arguments below.

*Hearsay Evidence of Sexual Assault*

McMullen-Bey argues that the district court erred by finding that he committed the sexual assault because it relied on unreliable hearsay evidence.  As a preliminary matter, the government contends that we should review McMullen-Bey's challenge to the hearsay evidence only for plain error because he did not make a specific objection to the reliability of the hearsay evidence.  McMullen-Bey responds that his objection "to the factual basis for the sentence" was sufficient to "alert[] the district court of its duty to ensure that the [g]overnment carrie[d] its burden by presenting reliable and specific evidence."  We will assume, without deciding, that McMullen-Bey preserved his objection because he cannot show error even if the issue was preserved.

"When the district court applies the [g]uidelines in an advisory manner," it may, "under a preponderance-of-the-evidence standard," make "additional factual findings that go beyond a defendant's admissions." United States v. Smith, 480 F.3d 1277, 1281 (11th Cir. 2007).  District courts have "wide latitude" in the information they may consider at sentencing and may consider hearsay evidence. Hall, 965 F.3d at 1294.  But "hearsay evidence relied on at sentencing must bear minimal indicia of

7

reliability if the defendant's right to due process is to be preserved." United States v. Reme, 738 F.2d 1156, 1167 (11th Cir. 1984).

"To prevail on a challenge to a sentence based on the consideration of hearsay," the defendant must show: (1) "the challenged evidence is materially false or unreliable" and (2) that it "actually served as the basis for the sentence." Hall, 965 F.3d at 1294. There is no dispute that the hearsay evidence here served as the basis for McMullen-Bey's sentence. McMullen-Bey argues only that Investigator Courtland's testimony was unreliable because it lacked minimal indicia of reliability.

In Reme, we explained that there are at least four ways a party may show hearsay evidence admitted at sentencing is reliable: (1) "the evidence falls within a firmly rooted hearsay exception"; (2) the "declarant's statements were originally made in a situation that encompassed trial-type protections such as oath, defendant's opportunity to cross-examine, or the factfinder's chance to observe [the] declarant's demeanor"; (3) the "declarant's statements were spontaneous, or against his own penal interest"; or (4) "the hearsay statement is corroborated . . . by other evidence in the record." See 738 F.2d at 1167. Here, the government went with option number four.

Investigator Courtland's hearsay testimony was corroborated by the phone number McMullen-Bey gave to the victim being tracked back to McMullen-Bey and

the victim identifying McMullen-Bey as the abuser in the photo lineup. The corroboration from the phone number and the photo lineup identification provided minimal indicia of reliability to the hearsay evidence that McMullen-Bey committed the sexual assault. See Ghertler, 605 F.3d at 1270 ("hearsay statements had sufficient indicia of reliability to be considered at sentencing" where there was "corroborative evidence").

McMullen-Bey argues that the phone number produced by the victim "that 'came back' to Mr. McMullen-Bey" was insufficient because "there was no detail presented as to what exactly that meant." But McMullen-Bey had the opportunity to cross-examine Investigator Courtland and did not ask for more "detail" about the phone number being traced to him. McMullen-Bey didn't ask for more because it was, and is, clear what Investigator Courtland meant—the phone number the boy got from the man that forced him to perform oral sex was McMullen-Bey's phone number. And the phone number was not the only corroborative evidence. The boy also picked McMullen-Bey from a lineup, albeit tentatively by writing "maybe."

McMuellen-Bey also argues that the government failed to meet its burden of proof because its "evidence was too thin" and "too unreliable," relying on Investigator Courtland's testimony that he thought the state prosecutor's case was "flimsy." But, here, the government's burden was to prove by a preponderance of the evidence that McMullen-Bey committed the sexual assault, while the state must

prove its case beyond a reasonable doubt.  Investigator Courtland's opinion of the state's ability to prove its case by the higher reasonable-doubt standard says nothing about the government's ability here to meet its burden under a preponderance of the evidence standard.

Because there was corroborating evidence to support the hearsay evidence that McMullen-Bey sexually assaulted a thirteen-year-old boy, the district court did not clearly err by finding that McMullen-Bey committed the sexual assault.

*Substantive Reasonableness*

McMuellen-Bey argues that his sentence was substantively unreasonable because the district court "focused exclusively" on his criminal history, his possession of another firearm while on bond, and his alleged commission of the sexual assault.

The district court must impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of 18 U.S.C. section 3553(a)(2), including the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from future criminal conduct.  18 U.S.C. § 3553(a)(2).  The weight due each section 3553(a) factor lies within the district court's sound discretion.  United States v. Kuhlman, 711 F.3d 1321, 1327 (11th Cir. 2013).  The party challenging the sentence bears the burden of showing it to be unreasonable in light of the record and the

section 3553(a) factors.  United States v. Langston, 590 F.3d 1226, 1236 (11th Cir. 2009).

"The district court has wide discretion to decide whether the section 3553(a) factors justify a variance."  United States v. Rodriguez, 628 F.3d 1258, 1264 (11th Cir. 2010).  "Regardless of whether the sentence imposed is inside or outside the [g]uideline[] range, the appellate court must review the sentence under an abuse-of-discretion standard."  Gall v. United States, 552 U.S. 38, 51 (2007).  We will vacate a sentence "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the section 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  Irey, 612 F.3d at 1190 (quotation marks omitted).

Here, the district court did not abuse its discretion.  Its heavy reliance on McMullen-Bey's criminal history was not improper.  "[T]he sentencing court is permitted to attach great weight to one factor over others."  United States v. Rosales-Bruno, 789 F.3d 1249, 1254 (11th Cir. 2015) (quotation marks omitted).  The district court explained that McMullen-Bey's criminal history deserved great weight because, going "back to 1985," he had "a constant criminal pattern of everything from thefts to . . . possession of short barreled shotguns to possession of drugs, negotiating worthless instruments, assault in the third degree, driving under the influence, [and] carrying a pistol . . . without a permit."  The district court also noted

11

McMullen-Bey had committed "one offense right after another." Placing great weight on McMullen-Bey's criminal history was not an abuse of discretion. See United States v. Sanchez, 586 F.3d 918, 936 (11th Cir. 2009) ("[T]he district court did not abuse its discretion when it determined that [the defendant's] criminal history was sufficiently compelling to justify . . . an upward variance above th[e] guidelines range.").

The district court also properly considered that McMullen-Bey's possession of a firearm while on bond, and with the knowledge that he could not have a gun, demonstrated his lack of respect for the law. See 18 U.S.C. § 3553(a)(2)(A). This showed a need for additional deterrence given that McMullen-Bey had re-offended so soon and while under court supervision. See id. § 3553(a)(2)(B). And the district court properly considered McMullen-Bey's sexual assault of a minor and the need to protect the public. See id. § 3553(a)(2)(C).

Contrary to McMullen-Bey's argument, the district court did not "exclusively" consider his criminal history. It also reviewed the presentence investigation report, which included McMullen-Bey's mitigating circumstances, adopted the report's factual findings, heard his allocution, and heard his arguments for a low-end guideline sentence. This further supports our conclusion that the district court did not abuse its discretion. See United States v. Cabezas-Montano, 949 F.3d 567, 612 (11th Cir. 2020) (holding that the district court did not fail to

12

weigh the defendants' individual histories and circumstances when it "explicitly considered the defendants' [presentence investigation reports] and downward-variance arguments, and it also heard their allocutions").

McMullen-Bey argues that his case is similar to United States v. Pugh, 515 F.3d 1179 (11th Cir. 2008). In Pugh, the defendant was convicted of possessing child pornography. Id. at 1182. His guideline range was 97 to 102 months' imprisonment. Id. The district court sentenced the defendant to five years of probation because he "had no significant criminal history, and no history that would suggest he had or would abuse children." Id. at 1182, 1187. We held that the district court's "probationary sentence utterly failed to adequately promote general deterrence, reflect the seriousness of [the] offense, show respect for the law, or address in any way the relevant [g]uidelines policy statements and directives." Id. at 1183. In other words, the sentence failed to "achieve the purposes of sentencing stated in [section] 3553(a)." Id. at 1191. As we discussed above, that was not the case here.

We have upheld upward variances to the statutory maximum when, as here, they achieve the purposes set out in section 3553(a). See United States v. Osorio-Moreno, 814 F.3d 1282, 1288 (11th Cir. 2016) (holding district court did not abuse its discretion when it varied upward from a guideline range of 51 to 63 months' imprisonment to sentence the defendant to the statutory maximum of 120 months'

13

imprisonment because defendant had twenty prior convictions); United States v. Shaw, 560 F.3d 1230, 1241 (11th Cir. 2009) (holding district court did not abuse its discretion when it varied upward from a guideline range of 30 to 37 months' imprisonment to sentence the defendant to the statutory maximum of 120 months' imprisonment because of defendant's "recidivism" and "the need to protect society from him"). Here, as in those cases, the district court considered and reasonably balanced the section 3553(a) factors to achieve the purposes of sentencing. Accordingly, McMullen-Bey's 120-month sentence was not substantively unreasonable.

**AFFIRMED.**[1]

---

[1] Because we affirm McMullen-Bey's sentence, we need not address his request for a different sentencing judge on remand.