[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10944

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MYISHA AYANA GREEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:22-cr-00096-AMM-GMB-1

_____

Before WILSON, ROSENBAUM, and LUCK, Circuit Judges.

PER CURIAM:

Myisha Green appeals her 94-month prison sentence, arising from a fraudulent check-cashing conspiracy. She argues that the district court erred in applying a four-level enhancement for her aggravating role as an organizer or leader of the conspiracy. *See* U.S.S.G. § 3B1.1(a). After careful review, we affirm.

## I.

Green pled guilty to conspiracy to commit wire fraud, *see* 18 U.S.C. §§ 1343 & 1349, aggravated identify theft, *see* 18 U.S.C. § 1028A, and possession of a firearm by a convicted felon, *see* 18 U.S.C. § 922(g)(1). Her plea agreement with the government included a stipulated factual basis, which was included nearly verbatim in the presentence investigation report ("PSR").

According to undisputed facts in the PSR, Green conspired with others, including her codefendant and boyfriend John Lee Neal, to produce fraudulent checks between May 2020 and May 2021. The scheme involved the production of at least 115 fraudulent checks made out to at least 25 different individuals. Green altered genuine checks she obtained from others—changing the payee and amount, and sometimes adding her personal phone number so as to field potential inquiries and forestall detection—and recruited "runners" to cash the forged checks. The runners, in turn, provided the driver's licenses of other individuals who were willing to pass checks, and Green used that information to produce

additional forgeries. Green's phone contained over 70 pictures of driver's licenses, as well as web history reflecting searches relating to cashing checks without raising suspicion, and her computer contained digital images of business logos, headshots, and handwritten cursive signatures.

Green's codefendant Neal was the named payee on eleven checks Green forged. Notably, in October 2020, Neal used fake credentials and a forged cashier's check in the amount of $35,688.96 to purchase a Jeep Wrangler at a dealership. Then, in March 2021, Neal attempted to cash a forged check at two banks using fake credentials. On both occasions, Neal communicated with and received instructions from Green before or during the attempted swindle. Green later obtained insurance for the Jeep.

The PSR calculated Green's guideline imprisonment range as 70 to 87 months for the conspiracy and felon-in-possession offenses, plus a consecutive 24 months for the identity-theft offense. Green received a four-level upward adjustment under U.S.S.G. § 3B1.1(a) for serving as an "organizer or leader" of the conspiracy. That adjustment was warranted, according to the PSR, because "Green was the person who orchestrated the activities of the other participants by developing the fraudulent check scheme, producing the forged checks, and instructing others, including Neal, how to carry out the necessary criminal acts. She also recruited runners and instructed them in the criminal activity." Green objected that she was not an "organizer" or "leader" under § 3B1.1 and its

commentary, and that another individual was the true leader of the conspiracy.

The district court heard argument on the objection at sentencing. Green argued that her role was mischaracterized, that the group was very loosely organized, and that the text messages between Green and Neal were not sufficient to substantiate the claim that she was a leader or organizer. The court concluded that a preponderance of the evidence, "particularly about the relationship to Mr. Neal," supported the organizer-or-leader adjustment. Accordingly, the court overruled the objection and sentenced Green to a low-end guideline sentence of 94 months. Green appeals.

## II.

A defendant's role as an organizer or leader under U.S.S.G. § 3B1.1 is a "factual finding that we review for clear error." *United States v. Ramirez*, 426 F.3d 1344, 1355 (11th Cir. 2005). The district court's factual findings for sentencing matters may be based on, among other things, undisputed statements in the PSR. *United States v. Smith*, 480 F.3d 1277, 1280 (11th Cir. 2007). In reviewing for clear error, we will reverse only if we are "left with the definite and firm conviction that a mistake has been committed" and not "simply because we would have decided the case differently." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quotation marks omitted).

A defendant who "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive" is subject to a four-level guideline enhancement. U.S.S.G. § 3B1.1(a). The government bears the burden of proving

an aggravating role under § 3B1.1 by a preponderance of the evidence.  *United States v. Shabazz*, 887 F.3d 1204, 1221 (11th Cir. 2018).

In assessing a defendant's relative responsibility in the offense, courts should consider factors including the following:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1(a), cmt. 4; *see also United States v. Martinez*, 584 F.3d 1022, 1026 (11th Cir. 2009).  "In many of the cases where we have affirmed a finding that a defendant played a leadership or organizational role under [section] 3B1.1(a), there was evidence that the defendant had recruited participants, had instructed participants, or had wielded decision-making authority."  *Shabazz*, 887 F.3d at 1222 (quotation marks omitted).

Here, the district court did not clearly err in finding that Green was an organizer or leader of the conspiracy under § 3B1.1(a).  Undisputed facts in the PSR show that Green was the point person for a fraudulent check-cashing scheme involving at least 115 forged checks and "dozens" of runners, some of whom she recruited.  She forged the checks cashed by the runners.  She received and maintained information, such as drivers' licenses, business logos, headshots, and signatures, which could be used

either to generate fake checks or fake drivers' licenses. She researched businesses where the runners could cash the checks without triggering suspicion. She also instructed and monitored another participant, Neal, on at least two occasions when he attempted to cash a forged check. Based on these undisputed facts, which support a view of Green's central role in the scheme, we are not left with a definite and firm conviction that the district court made a mistake in applying the § 3B1.1 enhancement. *See Easley*, 532 U.S. at 242.

Green argues that the government "failed to provide sufficient evidence to support a preponderance of the evidence finding as to all 7" of the factors listed in the commentary. But "[t]here is no requirement that all of the considerations have to be present in any one case. Instead, these factors are merely considerations for the sentencing judge." *United States v. Martinez*, 584 F.3d 1022, 1026 (11th Cir. 2009) (quotation marks omitted). While Green also identified another individual as the true leader or organizer, "[t]here can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy." U.S.S.G. § 3B1.1, cmt. n.4.

For these reasons, Green has not shown that the district court erred in applying U.S.S.G. § 3B1.1(a) when calculating her guideline range. We affirm her sentence.

**AFFIRMED.**