[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13949
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 8, 2012
JOHN LEY
CLERK

D.C. Docket No. 0:11-cr-60129-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DREW SCHISSLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 8, 2012)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Drew Schissler appeals his 70-month sentence, imposed after he pled guilty to one count of being a felon in possession of a .22 caliber rifle and ammunition, in violation of 18 U.S.C. § 922(g)(1). Schissler argues on appeal that the district court rendered a procedurally unreasonable sentence by applying a four-level enhancement for trafficking oxycodone in connection with possessing the rifle and ammunition.[1] After review, we affirm Schissler's sentence.[2]

The Sentencing Guidelines provide for a four-level enhancement where the defendant possessed a firearm or ammunition in connection with another felony offense. U.S.S.G. § 2K2.1(b)(6). Where the other felony is a drug trafficking offense, a firearm or ammunition found in close proximity to the drugs merits the application of the enhancement because the firearm or ammunition had the potential to facilitate the drug trafficking offense. U.S.S.G. § 2K2.1, cmt. n.14. The Government must establish the facts necessary to support a sentencing

---

[1] Schissler's also argues he was entitled to rely on Florida's prescription defense—an affirmative defense—because he held the drugs as his girlfriend's agent. In support of the defense, Schissler only offered his post-*Miranda* statement that he was holding the drugs for her because she was an addict. The district court did not err by disbelieving Schissler's statement concerning the reason he possessed the oxycodone.

[2] We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 128 S. Ct. 586, 591 (2007). We review a district court's factual findings at sentencing for clear error, and the application of the Guidelines to those facts *de novo*. *United States v. McGuinness*, 451 F.3d 1302, 1304 (11th Cir. 2006).

enhancement by a preponderance of the evidence. *United States v. Smith*, 480 F.3d 1277, 1280 (11th Cir. 2007).

The district court did not clearly err when it concluded Schissler possessed a rifle and ammunition in relation to trafficking oxycodone. The district court appropriately relied on undisputed statements in the PSI, *see United States v. Polar*, 369 F.3d 1248, 1255 (11th Cir. 2004), which reported that Schissler sold oxycodone to a confidential informant on two occasions, and that he had small amounts of different prescription drugs and over $2,000 in cash on his person at the time of his arrest. The PSI also included a 2006 Florida state court conviction of possessing oxycodone with the intent to distribute. Moreover, after searching Schissler's apartment, the police found five grams of oxycodone under his bed in a bottle labeled with a prescription for tamazepam,[3] a coded ledger entitled "Deals," and a .22 caliber rifle with ammunition in a closet. The Government proved by a preponderance of the evidence that Schissler trafficked oxycodone; thus, the enhancement applied and Schissler's sentence was procedurally reasonable.

**AFFIRMED.**

---

[3] Because Schissler did not object to the drug quantity finding before the district court, we consider the factual allegation in the PSI that the oxycodone weighed five grams to be admitted for sentencing purposes. *See United States v. Patterson*, 595 F.3d 1324, 1326 (11th Cir. 2010) (a failure to object to allegations of fact in the PSI admits those facts for sentencing purposes).