[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11773
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cr-10011-JEM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO ROQUE-REYES,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 14, 2017)

Before MARTIN, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant Roberto Roque-Reyes appeals his 24-month sentence, which reflects a 12-month upward variance from the top of the advisory guideline range, after pleading guilty to conspiring to encourage and induce aliens to enter the United States. On appeal, Defendant argues that his sentence is procedurally and substantively reasonable. Because we conclude that the district court committed procedural error by relying on clearly erroneous facts in imposing Defendant's sentence, we vacate his sentence and remand for resentencing.

## I.    BACKGROUND

According to the Presentence Investigation Report ("PSR"), on July 28, 2015, the United States Coast Guard received information regarding two jet skis, carrying six people, that were traveling toward Key West, Florida, from Cuba. The Coast Guard interdicted the jet skis and identified the six people as Defendant, his codefendant Raisel Travieso-Reyes, and four other Cuban nationals. An investigation later revealed that the jet skis were registered on June 20, 2015, to two different owners, one of whom was Defendant's father's best friend.

Defendant initially told Government officials that he and Travieso-Reyes were fishing with family and friends and got bored, so they decided to ride jet skis. While riding the jet skis, they rescued four people floating in the water. Defendant later changed his story, explaining that he had traveled to Cuba with Travieso-

Reyes to pick up his uncle, and that he did not know the three other people, nor had he anticipated picking them up.

Defendant subsequently pled guilty to conspiring to encourage and induce aliens to enter the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I).  In anticipation of sentencing, the probation officer prepared the PSR, which assigned Defendant a base offense level of 12, pursuant to U.S.S.G. § 2L1.1.  With a 2-level reduction for acceptance of responsibility, Defendant's total offense level was 10.  Based on a total offense level of 10 and a criminal history category of I, Defendant's advisory guideline range was 6 to 12 months' imprisonment.  Defendant filed no objections to the PSR.

At the sentencing hearing, the Government recommended a six-month sentence—the low end of the guideline range.  The district court asked defense counsel to explain why Defendant deserved only a six-month sentence.  The district court then stated:

> But the bottom line is this . . . you and I both know that people are paying $10,000 a head to be smuggled from Cuba.  And that these jet skis that these fellows were on were purchased like a day before.  For the trip, obviously.  I don't think they were purchased for fishing.
>
> These two fellows went down there to get four people, and you and I also have no idea how many people have perished while they were being brought back here from Cuba on one of these commercial enterprises.  How many people have been dumped because they were fearful of Coast Guard intervention.
> This is a very serious problem, and I don't think six months is enough.  Tell me why it is.  Yeah.  I don't see it.  I think that this is a

very serious problem that we need to have—as you know, the factors under 3553 include deterrence. I don't think six months deters them because you and I both have seen people in here for the third and fourth and fifth times and I get—I'm really sick of it. I am sick of people that think they can flaunt our laws. That they come here and take what—that take everything given to them and just take advantage of the people of the United States and go back over there and continue to go back and forth to Cuba to bring people here for money.

Defendant asserted that there was no evidence showing that he or Travieso-Reyes had been previously involved in alien smuggling, nor had any facts been developed to show that the purpose of this trip was anything other than to pick up a family member. Because Defendant was unemployed and had arrived illegally in the United States in March 2015, the district court questioned how Defendant was able to purchase the jet skis, satellite phone, and the Global Positioning System ("GPS"). The district court repeatedly expressed its belief that this was a commercial enterprise, and stated that it did not believe that Defendant went to Cuba with two, three-passenger jet skis solely to pick up his uncle.

The district court explained that it was considering a sentence substantially above the guidelines based on the need to provide deterrence under 18 U.S.C. § 3553(a). The district court ultimately sentenced Defendant to 24 months' imprisonment. Defendant objected to the procedural and substantive reasonableness of the upward variance, arguing that the Government had not offered any evidence contradicting Defendant's representation that he went to Cuba to pick up his uncle. This appeal followed.

4

## II.    <u>DISCUSSION</u>

On appeal, Defendant challenges his 24-month sentence as procedurally and substantively unreasonable.  Because we conclude that Defendant's sentence is procedurally unreasonable, we pass no judgment on its substantive reasonableness had there been no procedural error.

Defendant argues that the district court committed procedural error by relying on clearly erroneous facts in imposing his sentence.  In particular, he argues that the district court lacked an evidentiary basis for concluding that Defendant engaged in an alien-smuggling commercial enterprise.

Using a two-step process, we review the reasonableness of a district court's sentence for abuse of discretion.  *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014).  First, we determine whether a sentence is procedurally reasonable, then we consider whether the sentence is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors.[1]  *Id.*

"A sentence may be procedurally unreasonable if the district court . . . selects a sentence based on clearly erroneous facts . . . ."  *United States v.*

---

[1]  The § 3553(a) factors include:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed education or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

*Gonzalez*, 550 F.3d 1319, 1323 (11th Cir. 2008).  We review the district court's factual findings for clear error.  *United States v. McGuinness*, 451 F.3d 1302, 1304 (11th Cir. 2006).  A factual finding is clearly erroneous when a review of all the evidence leaves this Court with "the definite and firm conviction that a mistake has been" made.  *United States v. Philidor*, 717 F.3d 883, 885 (11th Cir. 2013).  "Although review for clear error is deferential, a finding of fact must be supported by substantial evidence."  *United States v. Robertson*, 493 F.3d 1322, 1330 (11th Cir. 2007).

The Government must prove the facts relevant to sentencing by a preponderance of the evidence.  *See United States v. Watts*, 519 U.S. 148, 156 (1997).  The sentencing court's factual findings may be based upon evidence heard during trial, facts admitted by the defendant's guilty plea, undisputed statements in the PSI, or evidence presented during the sentencing hearing.  *See United States v. Smith*, 480 F.3d 1277, 1281 (11th Cir. 2007); *United States v. Shelton*, 400 F.3d 1325, 1330 (11th Cir. 2005).  Although the district court is permitted to draw reasonable inferences from the record, it must base its factual determinations on reliable and specific evidence, not speculation.  *United States v. Creel*, 783 F.3d 1357, 1359 (11th Cir. 2015); *United States v. Newman*, 614 F.3d 1232, 1238 (11th Cir. 2010).

Here, Defendant's sentence is procedurally unreasonable sentence because the district court relied on clearly erroneous facts. The district court imposed an upward variance because it was convinced that Defendant was engaged in an alien-smuggling commercial enterprise. However, this factual finding was not supported by substantial evidence in the record. *See Robertson*, 493 F.3d at 1330. The district court arrived at this conclusion based on Defendant's smuggling of three people in addition to his uncle, and the district court's impression that Defendant must have had a source of funding in order to purchase two jet skis, full tanks of fuel, a GPS, and a satellite phone.

While Defendant's smuggling of three people other than his uncle was supported by reliable and specific evidence, there was no evidence showing that this incident was part of an alien-smuggling commercial enterprise. No evidence was offered to show the likelihood that Defendant had previously engaged in alien smuggling. Moreover, the Government did not present any evidence that Defendant was paid or acted for purposes of financial gain when picking up the three additional people in Cuba. *Cf. United States v. Dominguez*, 661 F.3d 1051, 1066 (11th Cir. 2011) (explaining that, in the separate but related context of enhancing a defendant's sentence for participating in a smuggling operation for commercial advantage under 8 U.S.C. § 1324(a)(2)(b)(ii), it is sufficient to show that the defendant acted for purposes of financial gain). Nor was this fact admitted

7

during the guilty plea proceedings, or supported by the factual statements in the PSR.

The district court's determination that Defendant must have been involved in an alien-smuggling venture in order to gain access to the jet skis and electronic equipment was likewise not supported by substantial evidence in the record. Neither jet ski was registered to Defendant; one was registered to Defendant's father's best friend and the other to his co-defendant's stepfather. The district court also focused on the fact that the jet skis were purchased immediately prior to the trip, stating that, "these jet skis that these fellows were on were purchased like a day before. For the trip, obviously." But the PSR showed that the jet skis were registered on June 20, 2015, and thus were purchased at least one month before Defendant and Travieso-Reyes traveled to Cuba. Further, the only evidence presented regarding the GPS and satellite phone showed that the equipment was found in the co-defendant's possession. Therefore, any factual finding that Defendant purchased this equipment is purely speculative. Because Defendant's purchase of the jet skis and electronic equipment seemed to factor heavily in the district court's evaluation, but this assumption was not established by reliable and specific evidence, it cannot support an inference of the existence of a commercial enterprise. *See Creel*, 783 F.3d at 1359; *Newman*, 614 F.3d at 1238.

Further, the Government did not contest Defendant's assertion that he went to Cuba for his family and that his actions on the date in question were not part of a commercial venture. Therefore, after a thorough review of the record, we are left with the firm conviction that the district court's finding that Defendant was engaged in an alien-smuggling enterprise was clearly erroneous.

Of course, that Defendant may not have been involved in a commercial alien-smuggling enterprise does not mean that the district court was prohibited from imposing an upward variance based on a proper assessment of the § 3553(a) factors, nor that the court is necessarily prohibited from imposing a variance on remand if that decision is grounded in an accurate finding of the facts. We are not persuaded, however, by the Government's argument that even if the district court was mistaken about some of the evidence, its sentencing decision was not based on clearly erroneous facts. The Government argues that the district court was concerned about deterring smugglers who unsafely transported migrants across open seas and subjected those people to great danger. The need for deterrence is a factor that a sentencing court may properly consider. *See* 18 U.S.C. § 3553(a)(2)(B). But here the district court's comments overwhelmingly focused on the importance of deterring commercial alien-smuggling operations. Indeed, the district court itself stated, "if my mother was over there, I probably would steal a boat and go get her. That's not what's happening here . . . ." Given that the

9

district court appeared to rely strongly on the presumed existence of an alien-smuggling commercial enterprise in making its sentencing decision, the district court abused its discretion.

Because we conclude that the district court committed a procedural error, we **VACATE** Defendant's sentence and **REMAND** for resentencing.