[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12219
Non-Argument Calendar
_____

D.C. Docket No. 3:18-cr-00470-ECM-WC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT HARRY BOLSER,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(May 12, 2020)

Before ROSENBAUM, JILL PRYOR and BRANCH, Circuit Judges.

PER CURIAM:

Robert Bolser appeals the procedural and substantive reasonableness of his 151-month total sentence, imposed after he pled guilty to receipt and possession of child pornography. After careful review, we conclude that Bolser failed to show that the district court abused its discretion or otherwise erred at sentencing. We therefore affirm.

## I.    BACKGROUND

### A.    Factual Background[1]

Investigators with the Georgia Internet Crimes Against Children Task Force and the Department of Homeland Security Investigations discovered an internet protocol ("IP") address that was sharing child pornography on a peer-to-peer network. The investigators established a direct connection with the IP address, downloaded multiple child pornography files, and discovered that the IP address possessed or shared 313 child pornography files. The IP address was registered to a house in Phenix City, Alabama.

Federal officers executed a search warrant at the address and met Bolser, who resided at the house with his wife, stepson, and in-laws. Bolser told the officers that he had built his own computer and used a peer-to-peer file sharing program to anonymously share and download child pornography. He also told officers that he viewed child pornography once a month, over the course of five

---

[1] The facts come from the unobjected-to facts in the presentence investigation report.

years prior to the search; had a special interest in penetration of girls ages 7 to 12; and masturbated while watching the videos.  Agents seized a laptop, cell phone, and five external hard drives that contained images and videos of child pornography.  A forensic review of Bolser's electronics revealed 1,013 images and 168 videos of child pornography.  Of the images, 167 were tagged as infant or toddler age and 9 were tagged as sadistic or masochistic.  Of the videos, 24 were tagged as infant age and 3 were tagged as sadistic or masochistic.

**B.    Procedural Background**

A grand jury returned a two-count indictment charging Bolser with: (1) receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) (Count 1); and (2) and possession of child pornography, in violation of § 2252A(a)(5)(B) (Count 2).  Bolser pled guilty to both counts without the benefit of a written plea agreement.

The probation office prepared a presentence investigation report ("PSR"). The PSR determined that Bolser's base offense level was 22 under the United States Sentencing Guidelines, U.S.S.G. § 2G2.2(a)(2).  The PSR applied numerous enhancements, including:  (1) a two-level increase because the pornography involved a prepubescent minor or a minor who had not attained the age of 12 years; (2) a two-level increase because Bolser used a peer-to-peer program to distribute child pornography; (3) a four-level increase because the offense involved

material that portrayed sadistic or masochistic conduct; (4) a two-level increase because Bolser used a computer; and (5) a five-level increase because the offense involved at least 600 images.  After applying a three-level reduction for acceptance of responsibility, the PSR calculated that Bolser's total offense level was 34. Based on a total offense level of 34 and criminal history category of I, the PSR concluded that Bolser's guidelines range was 151 to 188 months' imprisonment. Neither party objected to the PSR.

The PSR described Bolser's background, including childhood abuse by his father and his mother's mental illness.  Bolser's father was verbally and physically abusive and would kick Bolser and force him to stand on his head when he got in trouble.  Once his father kicked him around the kitchen wearing cowboy boots. Bolser's mother was hospitalized for suicide attempts, and on one occasion Bolser intervened when she tried to cut herself with a knife.  Bolser dropped out of high school to care for his mother.  At the time of his arrest, Bolser had worked as a manager at Wal-Mart for over ten years.  Bolser reported that his relationship with his father had improved as he got older.

Before sentencing, the government submitted five victim impact statements. In the statements, the victims detailed their sexual abuse and the continuing trauma of knowing that the pornographic materials portraying them are still circulating.

Also before sentencing, Bolser submitted the following evidence: (1) declarations from his siblings and mother that confirmed his childhood abuse; (2) a psychological evaluation by Dr. Robert Shaffer, who opined that Bolser met the criteria for autism and post-traumatic stress disorder ("PTSD"); and (3) reports by the United States Sentencing Commission stating that the statutory scheme and guidelines provision, U.S.S.G. § 2G2.2, for possession and receipt of child pornography were outmoded because they "fail[ed] to differentiate among offenders in terms of their culpability."  Doc. 39-4 at 9.[2]

At the sentencing hearing, the district court adopted the factual statements and sentencing calculations in the PSR and determined that Bolser's guidelines range was 151 to 188 months in prison, without objection.  Then, Bolser called Dr. Shaffer, who testified that Bolser's autism and PTSD contributed to his decision to view child pornography.  Dr. Shaffer explained that Bolser's mental conditions prevented him from "understand[ing] the subtle aspects of his behavior and its impact on others," but he nevertheless was "capable of fully understanding the wrongfulness of the behavior that he witnessed on the computer screen."  Doc. 61 at 20.

The district court confirmed that it had reviewed the PSR, victim impact statements, and Bolser's submissions.  The court further confirmed that it had

---

[2] "Doc. #" refers to the numbered entry on the district court's docket.

5

considered the Sentencing Commission's reports and was "obligat[ed] to make an individualized determination [in Bolser's case] because every defendant is different." *Id*. at 60–61. The court identified on the one hand several mitigating factors, such as Bolser's childhood abuse, his lack of criminal history, his stable employment, and his role as a caregiver to his mother. On the other hand, the court determined, there were numerous aggravating factors, such as Bolser's: (1) sophistication in building his own computer; (2) use of directed search terms to find child pornography (as opposed to "inadvertently receiv[ing] child pornography"); (3) particular interest in viewing the penetration of girls ages 7 to 12; (4) admission to masturbating while viewing the materials; (5) use of a peer-to-peer network so that he could view child pornography anonymously, which indicated his "awareness of the wrong of the conduct"; (6) awareness that the videos "involve[ed] significant wrongdoing and damage to the victims"; and (7) possession of a large number of images and videos with known victims. *Id*. at 62, 64. The court also emphasized that the victims were aware that the child pornography materials were "being viewed continuously." *Id*. at 64. In considering the mitigating and aggravating factors, the court explained that "[a]ll of those factors are specific to Mr. Bolser. It is not specific to other cases that are viewed by other judges in other courts." *Id*. at 63. The court noted that it had

6

"given Mr. Bolser a very individualized look at what [it thought was] appropriate in his case." *Id*.

The court then sentenced Bolser to a total sentence of 151 months in prison. The court explained that it had considered the 18 U.S.C. § 3553(a) factors in fashioning the total sentence. Specifically, the court considered the seriousness of Bolser's offenses and the harm to the victims. Noting that Bolser had overcome his childhood abuse, the court stated that "[t]he victims in this case, the victims whose images continue to be trafficked by you and people like you, are not as lucky." *Id*. at 67. The court explained:

> There's no one that revels in the abuse that you have suffered . . . . But not only is the abuse that's suffered by the child pornography victims documented, it is actually celebrated by people who review their videos and continue to share them with other people and who actually find comfort in watching those videos for them. That results in continuing trauma to those people.

*Id*. at 67–68. Finally, the court noted Bolser's "substantial mental deficiency," but concluded that the mitigating impact of his mental illnesses was "diminished significantly" because he had maintained a steady job and knew how to build a computer and use peer-to-peer software. *Id*. at 79–80.

Bolser objected to the procedural and substantive reasonableness of the total sentence, without success. This is Bolser's appeal.

## II.     STANDARD OF REVIEW

We review the reasonableness of a sentence under a deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 41 (2007); *see also United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) ("A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." (internal quotation marks omitted)).  The party challenging the sentence bears the burden of showing it is unreasonable.  *United States v. Tome*, 611 F.3d. 1371, 1378 (11th Cir. 2010).  Additionally, we review the district court's factual findings for clear error.  *United States v. Barrington*, 648 F.3d 1178, 1195 (11th Cir. 2011).  "A factual finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Id*. (internal quotation marks omitted).

## III.     DISCUSSION

On appeal, Bolser argues that his sentence is procedurally and substantively unreasonable.  We address these points in turn.

## A.    Procedural Reasonableness

In reviewing the reasonableness of a sentence, we first consider whether the district court committed any significant procedural error.  *Gall*, 552 U.S. at 51.  A sentence is procedurally unreasonable if the district court commits an error "such as failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." *Id.*[3]  In selecting a sentence, the court is required to make "an individualized assessment based on the facts presented." *Id*. at 50.

Bolser first argues that the district court erred by finding that the abuse of child pornography victims is "celebrated" and a source of "comfort" for people who view child pornography.  Doc. 61 at 67–68.  Specifically, Bolser argues that the court improperly relied on that finding as an aggravating factor, even though no evidence in the record showed that he celebrated or took comfort in the abuse of

---

[3] Under § 3553(a), the district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of the statute.  18 U.S.C. § 3553(a).  These purposes include the need to:  reflect the seriousness of the offense; promote respect for the law; provide just punishment; deter criminal conduct; protect the public from the defendant's future criminal conduct; and effectively provide the defendant with educational or vocational training, medical care, or other correctional treatment.  18 U.S.C. § 3553(a)(2).  The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  *Id.* § 3553(a)(1), (3)–(7).

victims.  We reject this argument because Bolser mischaracterizes the court's statement.  The court did not find that Bolser himself celebrated and took comfort in the abuse; rather, the court noted the seriousness of child pornography offenses and the continuing impact on the victims.  In light of the victim impact statements, which confirmed that the victims felt continuing trauma from their abuse, we are not "left with the definite and firm conviction" that the court's observation was mistaken.  *See Barrington*, 648 F.3d at 1195.

Next, Bolser argues that the court clearly erred in fashioning his sentence by relying on the fact that the victims were aware that the child pornography material was still circulating, as that fact was not "unique" to his case.  Appellant's Br. at 31–32.  This argument lacks merit.  For starters, it is belied by the record. The court did not find that the victims' knowledge was "unique" to his case.  Rather, the court noted that it had considered the "specific" victim impact statements, in which the victims indicated that they were aware that their images were "being viewed continuously."  Doc. 61 at 63, 64.  The court was permitted to rely on the victim impact statements in sentencing Bolser.  *See United States v. Smith*, 480 F.3d 1277, 1281 (11th Cir. 2007) (determining that the district court's factual findings during sentencing may be based on, among other things, evidence presented during the sentencing hearing).

10

Finally, Bolser argues that the court committed procedural error by failing to make an individualized sentencing determination. Specifically, Bolser argues that the aggravating factors identified by the court—including that he built his own computer, used peer-to-peer software to anonymously download and share videos and images, used specific search terms, possessed sadomasochistic images, and viewed pornography with identified victims—were common to most child pornography offenders. Bolser asserts that, in identifying the aggravating factors, the court ignored the Sentencing Commission reports highlighting problems with U.S.S.G. § 2G2.2.

The district court did not abuse its discretion by relying on the challenged aggravating factors. A review of the record confirms that the court made an individualized sentencing determination. *See Gall*, 552 U.S. at 50. Specifically, the court considered the evidence presented at sentencing and contained in the PSR to determine that Bolser: (1) had a particular interest in viewing the penetration of girls ages 7 to 12; (2) masturbated while watching videos; (3) used peer-to-peer software to view the child pornography anonymously; and (4) possessed sadistic or masochistic pictures and videos. Importantly, Bolser did not object to these facts, which were contained in the PSR. Moreover, the court specifically acknowledged its obligation to "make an individualized determination" and confirmed that it had done so in sentencing Bolser. Doc. 61 at 60–61, 63. Thus, we easily conclude that

11

the court made an individualized sentencing determination.   Further, we reject

Bolser's argument that the court ignored the Sentencing Commission reports, as

the record shows that the court reviewed the reports but concluded that they did not

invalidate § 2G2.2.  We have held as much.  *See United States v. Cubero*, 754 F.3d

888, 900 (11th Cir. 2014) (holding that the Sentencing Commission's reports on

§ 2G2.2 did not invalidate that section or render the defendant's sentence

procedurally unreasonable).  We therefore conclude that the court imposed no

procedurally unreasonable sentence.

### B.    Substantive Reasonableness

Bolser next challenges the substantive reasonableness of his total sentence.

When reviewing a sentence for substantive reasonableness, we examine the totality

of the circumstances, including "whether the statutory factors in § 3553(a) support

the sentence in question." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th

Cir. 2008).  "We will not second guess the weight (or lack thereof) that the judge

accorded to a given factor under § 3553(a), as long as the sentence ultimately

imposed is reasonable in light of *all* the circumstances presented." *United States v.*

*Snipes*, 611 F.3d 855, 872 (11th Cir. 2010) (alterations adopted) (internal quotation

marks omitted).  We may vacate a sentence only if we firmly believe that the

district court "committed a clear error of judgment in weighing the § 3553(a)

factors by arriving at a sentence that lies outside the range of reasonable sentences

12

dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (internal quotation marks omitted).

Bolser argues that the district court improperly weighed the § 3553(a) factors. Specifically, he asserts that the court: (1) improperly relied on the fact that he used targeted search terms and did not "inadvertently" receive child pornography; (2) failed to give adequate weight to his childhood abuse; and (3) improperly determined that his mental health issues were rebutted by his ability to maintain a job and understand computers. Doc. 61 at 62.

Considering the totality of the circumstances, we are not convinced that the court imposed a substantively unreasonable total sentence. *See Gonzalez*, 550 F.3d at 1324. We first note that Bolser's 151-month total sentence was at the low end of the guidelines range and well below the statutory maximum of 20 years' imprisonment. *See* 18 U.S.C. § 2252A(b)(1)–(2) (providing a 20-year statutory maximum for receipt and possession of child pornography). Although we do not presume that a sentence below the statutory maximum and within the guidelines range is reasonable, we ordinarily expect it to be. *See United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014) (recognizing that sentences within the guidelines range ordinarily are reasonable, and a sentence imposed "well below" the statutory maximum is "an indicator of a reasonable sentence").

Additionally, the court did not abuse its broad discretion in weighing the statutory factors. *See Snipes*, 611 F.3d at 872. First, Bolser's use of targeted search terms to find child pornography was relevant to the seriousness of his offenses, which the court was required to consider under § 3553(a)(2)(A). Further, the record shows that the court considered Bolser's childhood abuse as a mitigating factor but afforded it less weight because he had overcome his abuse and his crimes involved numerous child victims who were "not as lucky," as they suffered from continuing trauma. Doc. 61 at 67. Similarly, the court considered the evidence of Bolser's mental illnesses, but, again, afforded less weight to that mitigation evidence because Bolser understood the wrongfulness of viewing child pornography and could maintain a steady job. Again, the court was permitted to consider the harm to the victims and Bolser's culpability, both of which are relevant to the seriousness of his crimes. *See* 18 U.S.C. § 3353(a)(2)(A). On this record, we cannot conclude that the court committed a clear error of judgment in weighing the § 3553(a) factors. *See Irey*, 612 F.3d at 1190.

## IV.    CONCLUSION

For these reasons, we affirm Bolser's total sentence.

**AFFIRMED.**