[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-11504

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JEREMY LE TRAVIS MARTIN,
a.k.a. Jerk,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:20-cr-00015-AW-GRJ-1

_____

Before Wilson, Luck, and Lagoa, Circuit Judges.

PER CURIAM:

Jeremy Martin appeals his above-guideline 84-month sentence imposed for being a convicted felon in possession of a firearm. On appeal, Martin argues that the district court failed to accord enough weight to his personal history and characteristics, including his recent hospitalization and homelessness, and overemphasized his criminal history and the facts of the instant offense. For the reasons discussed below, we affirm the sentence.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On the evening of February 22, 2020, Martin was attacked with a gun by an assailant known as "R.R." at an apartment complex in Gainesville, Florida. That same night, Martin posted a Facebook Live video explaining that he had been attacked and vowing revenge against R.R.

A little more than a day later, Martin was seen armed at the apartment complex that R.R. frequented. Security called the Alachua County Sheriff's Department, and deputies arrived and began to prepare so that they could make contact with Martin. Shortly thereafter, deputies saw Martin walking away from an apartment building and approached him, asking him to remove his hands from his pockets and speak with them. Martin fled on foot through the complex's parking lot, and the deputies chased Martin. While chasing Martin, deputies observed Martin reach towards his waist

and then throw a dark object in the direction of a parked white car and heard a sound consistent with a hard metallic object hitting pavement. After a K-9 apprehended Martin, deputies searched for the object and found a loaded Jimenez Arms .380 caliber pistol lying next to the car. Martin later admitted to threatening R.R. and possessing the gun.

On February 8, 2021, Martin pleaded guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

On April 20, 2021, the U.S. Probation Office prepared a Presentence Investigation Report ("PSR"). The PSR noted that the base offense level under the United States Sentencing Guidelines was 20. It applied a two-point reduction because Martin accepted responsibility and another one-point reduction because Martin pleaded guilty. Hence, the total offense level was 17. Next, based on Martin's prior offenses, the PSR found his criminal history category to be V. Therefore, under the Guidelines, Martin's recommended sentence was between 46- and 57-months' imprisonment.

On April 27, 2021, the district court held a sentencing hearing. Martin did not object to the PSR or sentencing guidelines but proffered factual context for the offense. Specifically, his counsel claimed that Martin had suffered a minor stroke and was hospitalized. Counsel stated that Martin was recently released from the hospital before this incident and had since been homeless and self-medicating with controlled substances. Martin also emphasized his remorse during the hearing. The government, on the other hand,

requested an upward variance for Martin based on his criminal record and potential for future dangerousness.

In the end, the district court applied an upward variance and sentenced Martin to 84 months' imprisonment and three years' supervised release.  The court explained that, while it believed Martin was genuinely remorseful, his prior convictions and the circumstances of the case demanded an above-guidelines sentence.  The mere possession of a gun required by statute did not fully capture the dangerousness of the conduct here—Martin lying in wait with a loaded weapon with an intent to harm R.R.  The court also noted that Martin had multiple previous firearm offenses and an overall criminal history that was "significant."  Martin's sentence was below the statutory 120-month maximum.  *See* 18 U.S.C. § 924(a)(2).  This appeal ensued.

## II.    STANDARD OF REVIEW

We review the reasonableness of a sentence under the deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 41 (2007).  A district court may abuse its discretion at sentencing by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence," or by imposing a sentence that is substantively unreasonable in light of "the totality of the circumstances."  *Id.* at 51.

21-11504                Opinion of the Court                5

The party challenging a sentence bears the burden of demonstrating that the sentence is unreasonable in light of the record, the factors listed in § 3553(a), and the substantial deference afforded to sentencing courts. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

## III.    ANALYSIS

On appeal, Martin argues that the district court abused its discretion when it sentenced him to 84 months' imprisonment. District courts must make an individualized assessment to determine an appropriate sentence. *Gall*, 552 U.S. at 50. Statutory concerns—such as those listed in § 3553(a)—inform this analysis. *Pepper v. United States*, 562 U.S. 476, 490 (2011). Thus, the district court must impose a sentence that is sufficient, but not greater than necessary, to comply with the factors and purposes listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2); *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016). The court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant. *See* 18 U.S.C. § 3553(a)(1).

The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *Croteau*, 819 F.3d at 1309. A court can abuse this discretion, however, if it (1) fails to consider relevant factors that were due significant weight, (2) gives

an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). Moreover, a district court's unjustified reliance on any one § 3553(a) factor may be indicative of an unreasonable sentence. *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006). Nevertheless, mere disagreement with the district court's weighting is insufficient. *Irey*, 612 F.3d at 1189 ("[T]here will be occasions in which we affirm the district court even though we would have gone the other way had it been our call." (quoting *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004))).

Furthermore, the district court is not required to explicitly address each of the § 3553(a) factors or all of the mitigating evidence. *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007). Rather, "[a]n acknowledgment the district court has considered the defendant's arguments and the § 3553(a) factors will suffice." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Our review of a sentencing variance is deferential to the district court's "considerable discretion." *Croteau*, 819 F.3d at 1309. We have upheld an upward variance based on the defendant's extensive criminal history, *see United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009), which a district court may consider even though the probation officer already accounted for that conduct

when calculating the guideline range,[1] *see United States v. Moran*, 778 F.3d 942, 983–84 (11th Cir. 2015). The justification for a variance is dependent on "the degree of the variance," *Irey*, 612 F.3d at 1196 (quoting *Gall*, 552 U.S. at 50), but if "an upward variance sentence is 'well below the statutory maximum,' [that] indicates that it is reasonable," *United States v. Riley*, 995 F.3d 1272, 1278 (11th Cir. 2021) (quoting *United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014)); *accord Rosales-Bruno*, 789 F.3d at 1256–57.

Here, we do not find that the district court abused its discretion. It considered the totality of the circumstances, including Martin's remorse, before issuing the sentence. The court noted that the conduct criminalized in the statute, mere possession of a firearm, did not fully capture the dangerousness of the conduct here. Moreover, based on these facts and Martin's criminal history, it was not unreasonable to give weight to Martin's potential future dangerousness. And even with the upward variance, the sentence imposed by the district court is still below the statutory maximum.

Martin's argument to the contrary is unpersuasive. He asserts that the district court did not accord enough weight to the

---

[1] The district court may base its findings of fact on, among other things, undisputed statements in the PSR or evidence presented at the sentencing hearing. *United States v. Smith*, 480 F.3d 1277, 1281 (11th Cir. 2007). "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661.

mitigating circumstances surrounding the offense. But disagreement with the district court's weighing of the relevant factors does not make its judgment unreasonable and we will not substitute our own judgment in weighing the factors as our review is not *de novo*. *See United States v. Williams*, 456 F.3d 1353, 1363 (11th Cir. 2006), *abrogated on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007).

## IV.    CONCLUSION

For the reasons stated, we affirm Martin's sentence.

**AFFIRMED.**