[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-10467

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

HOOBESH KUMAR DOOKHY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:23-cr-80096-AMC-1

_____

Before WILSON, ROSENBAUM, and LAGOA, Circuit Judges.

PER CURIAM:

Hoobesh Dookhy appeals his 24-month prison sentence, an upward variance from the guideline range of 6 to 12 months, for making intentional sexual contact with a sleeping, intoxicated passenger on the cruise ship where he worked. He argues that the district court erred in sentencing him based on unproven allegations made by the victim, and that the sentence is substantively unreasonable because the court did not adequately justify the extent of its upward variance. After careful review, we affirm.

**I.**

Dookhy pled guilty to one count of knowingly engaging in sexual contact with another person without that person's permission in federal maritime jurisdiction. *See* 18 U.S.C. § 2244(b). On May 5, 2023, according to the stipulated factual basis for his plea agreement, Dookhy was working as a bartender on a Margaritaville cruise ship. In that capacity, he met a female passenger, the victim in this case, who became intoxicated from alcoholic drinks over the course of the night and into the early morning. While serving her drinks, Dookhy obtained the victim's room key, under disputed circumstances.

At approximately 1:30 a.m. on May 6, the victim returned to her room with her female roommate, using her roommate's key, and they went to sleep. About 30 minutes later, Dookhy entered the room using the victim's key. At 2:11 a.m., Dookhy used his

phone to take a picture of himself and the sleeping victim. Then, at around 3:00 a.m., the roommate awoke to see him touching the victim's breasts. He did so "while she was asleep and without her permission." The roommate took a photo of this conduct.

Dookhy's presentence investigation report includes additional details not contained in the factual proffer, including summaries of interviews with the parties involved. The victim stated that Dookhy did not return her room key after using it to charge drinks to her room, that she was "pretty intoxicated" when she returned to her room for the night, and that she was awakened by Dookhy touching her breasts, kissing her neck, and vaginally penetrating her.[1] Dookhy, in contrast, stated that he went to the victim's room because the victim was flirting with him, gave him her room key, and invited him to her room, that the sexual contact and intercourse were consensual, and that he left when asked. The victim's roommate reported waking up at 3:00 a.m. to having her face caressed by Dookhy, who said he had been invited by the victim, and she saw him touch the victim's face and exposed breast while the victim was sleeping.

According to the PSR's guideline calculations, the base offense level was 30 because the offense involved "criminal sexual abuse" under the cross reference at U.S.S.G. § 2A3.4(c)(1). *See* U.S.S.G. § 2A3.1(a)(2). With a three-level reduction for acceptance

---

[1] The indictment also charged a violation of 18 U.S.C. § 2244(a)(2) based on this alleged act of penetration. That count was dismissed pursuant to Dookhy's plea agreement.

of responsibility, the total offense level was 27. Dookhy had no criminal history, so the resulting guideline range was 70 to 87 months of imprisonment, which was capped at 24 months because of the statutory maximum. *See* 18 U.S.C. § 2244(b). [*Id.* ¶ 56]

Dookhy objected to any allegation in the PSR beyond the facts contained in the factual proffer for his guilty plea. And he argued that the offense did not involve criminal sexual abuse, but only sexual contact, so the base offense level should be 12, with a two-level reduction for acceptance of responsibility. The government did not oppose Dookhy's position, advising that the victim had declined to testify but would be present at sentencing. Nevertheless, the government moved for an upward variance to 24 months.

At sentencing, the district court sustained Dookhy's objection after the government confirmed that, following consultation with the victim, it would not present evidence of intercourse to support the base offense level of 30. As a result, the court found that the total offense level was 10 and that the resulting guideline range was 6 to 12 months.

The government argued that a sentence of 24 months was necessary to reflect the seriousness of the offense and to provide adequate deterrence. The government asserted that, even if Dookhy received the victim's room card consensually, he abused his position as a cruise ship employee by entering a guest's room, remaining in the room after he found the occupants asleep, and then, nearly an hour later, making intentional sexual contact with

24-10467               Opinion of the Court                    5

the victim while she was asleep and intoxicated.  The government also cited the need for deterrence to Dookhy specifically and cruise ship employees generally.  In support of its variance request, the government submitted one exhibit, which was a photograph of Dookhy touching the victim's exposed breast and face.

For his part, defense counsel presented four short videos of Dookhy and the victim interacting and flirting on the cruise ship, and one short video taken by the roommate, seeking to give the court an "overall view" of the offense.  Defense counsel stated that he was not trying to minimize the severity of the offense conduct, which he admitted involved nonconsensual groping, but that a sentence of 12 months was sufficient to satisfy the 18 U.S.C. § 3553(a) sentencing factors.

The district court then heard from the victim personally.  The victim described the fear and revulsion she felt waking up to Dookhy kissing and touching her and then penetrating her.  She also expressed her belief that Dookhy had raped her and deserved a lengthy prison sentence.

After Dookhy declined to make a statement, the district court imposed a sentence of 24 months.  In support of its sentence, the court explained,

> Okay. Mr. Dookhy, your actions are truly vile.  I have limited my consideration to what is in the stipulated factual proffer, and I want to make that clear.  Nevertheless, even if, arguably, you believed you had some permission to enter that room, what you did once

you entered that room with a sleeping victim who was intoxicated is really something that cannot be tolerated. So I do agree with the government that this is a case of intentional sexual contact with a sleeping, intoxicated victim. . . . This sort of behavior warrants significant general deterrence.

Frankly, I don't think a sentence of 24 months is sufficient, but that is the applicable statutory range. And so I'm going to impose a sentence at the two-year mark in accordance with the government's motion for an upward variance.

I think that sentence is adequate under the 3553(a) factors, given your offense conduct and given the need to promote respect for the law and to promote general deterrence, along with specifically deterring you, sir, from ever doing anything like this again.

Dookhy objected that a sentence above the guideline range was unreasonable. He now appeals, arguing that the district court improperly relied on unproven factual allegations to impose a substantively unreasonable sentence.

## II.

"We review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Henry*, 1 F.4th 1315, 1327 (11th Cir. 2021). We first review for significant procedural

error, such as relying on clearly erroneous facts or failing to explain the sentence, before assessing whether the sentence is substantively reasonable under the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors. *Gall v. United States*, 552 U.S. 38, 51 (2007).

## A.

Dookhy first argues that the district court procedurally erred by relying on unproven factual allegations to sentence him. Because this contention was not raised before the district court, we review for plain error only. *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). In any case, Dookhy has not established any significant procedural error, plain or otherwise.

A district court commits significant procedural error by "selecting a sentence based on clearly erroneous facts." *Gall*, 552 U.S. at 51. A factual finding is clearly erroneous when a review of all the evidence leaves us with a definite and firm conviction that the court made a mistake. *United States v. Philidor*, 717 F.3d 883, 885 (11th Cir. 2013).

When a defendant objects to a fact used to calculate his sentence, the government bears the burden of proving the fact by a preponderance of the evidence. *United States v. Rodriguez*, 398 F.3d 1291, 1296 (11th Cir. 2005). The sentencing court's factual findings may be based on facts admitted during the defendant's guilty plea, undisputed statements in the PSR, or evidence presented during the sentencing hearing. *United States v. Smith*, 480 F.3d 1277, 1281 (11th Cir. 2007); *United States v. Shelton*, 400 F.3d 1325, 1330 (11th

Cir. 2005). The court may draw reasonable inferences from the record, but it must base its findings on reliable and specific evidence. *See United States v. Robertson*, 493 F.3d 1322, 1330 (11th Cir. 2007) ("Although review for clear error is deferential, a finding of fact must be supported by substantial evidence.").

Here, Dookhy has not shown that the district court committed significant procedural error. The record contradicts his claim that the court relied on unproven allegations to sentence him. The court expressly stated that it had "limited [its] consideration to what is in the stipulated factual proffer," and the court's reasoning reflects that statement. The court did not ignore the evidence of prior flirtatious behavior, as Dookhy claims, but rather reasoned that, even if he believed he "had some permission to enter that room," he then made "intentional sexual contact with a sleeping, intoxicated victim," which the court described as "truly vile" and "something that cannot be tolerated."

Dookhy notes that the district court's "truly vile" comment came right after the victim alleged that he had raped her. But the suggestion that his conduct could only be described as "vile" or deserving of a 24-month sentence had the court relied on unproven conduct is not well taken. And the mere fact that the court listened to the victim's statement does not show that it relied on her unproven allegations. Because Dookhy has not shown that the court relied on unproven allegations—especially in violation of its own express statement that it did not—he has not established any error, let alone significant procedural error.

**B.**

Turning to substantive reasonableness, our review "involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). "As the party challenging a sentence, [Dookhy] has the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *United States v. Riley*, 995 F.3d 1272, 1278 (11th Cir. 2021) (quotation marks omitted).

The district court must impose a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing stated in § 3553(a)(2), which include retribution, deterrence, and protection of the public. 18 U.S.C. § 3553(a)(2)(A)–(C). Before imposing sentence, the court must consider the factors listed in § 3553(a), which include the nature and circumstances of the offense, the history and characteristics of the defendant, and the applicable guideline range. *See id*. § 3553(a)(1)–(7).

The court may, in its discretion, give greater weight to some factors over others. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). "In assigning weight to the § 3553(a) factors as part of the weighing process, a court may (and should) consider individualized, particularized, specific facts and not merely the guidelines label that can be put on the facts." *Id.*; *see United States v. Johnson*, 803 F.3d 610, 619 (11th Cir. 2015). And "[n]othing

prevents a court from varying from the [g]uidelines based on the § 3553(a) sentencing factors." *Henry*, 1 F.4th at 1327.

When the district court chooses to impose a sentence above the guideline range, it must provide a "justification compelling enough to support the degree of the variance and complete enough to allow meaningful appellate review." *United States v. Early*, 686 F.3d 1219, 1221 (11th Cir. 2012). But "we will vacate such a sentence only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* (quotation marks omitted).

Here, Dookhy's 24-month sentence is substantively reasonable. The district court "did not fail to consider relevant factors due significant weight, give significant weight to an improper factor, or clearly err in considering the proper factors." *United States v. Al Jaberi*, 97 F.4th 1310, 1330 (11th Cir. 2024). The court explained that, based on its review of the § 3553(a) factors, a 24-month sentence was necessary to promote respect for the law and to provide adequate deterrence. In the court's view, this was "a case of intentional sexual contact with a sleeping, intoxicated victim," which was "something that cannot be tolerated." The court's explanation is more than adequate to allow for meaningful review. *See Early*, 686 F.3d at 1221.

Dookhy does not dispute the district court's assessment of his conduct but instead suggests that the court must have based its

upward variance on allegations made by the victim that the government did not prove. But, again, the court expressly limited its consideration "to what is in the stipulated factual proffer," and we see nothing to indicate that the court went beyond the proffer and the materials presented at sentencing. Nor does it strike us as unreasonable for the court to view Dookhy's undisputed conduct as "vile." After entering the victim's room, according to the factual proffer, he took a photograph with the sleeping victim, remained for over an hour, and intentionally touched her exposed breasts without her permission while she was asleep and intoxicated.

While Dookhy views his conduct as less objectionable than the district court did, the weight to give the sentencing factors is committed to the court's discretion. *See Rosales-Bruno*, 789 F.3d at 1254. And nothing prevented the court from concluding that the "particularized, specific facts" of the case warranted a sentence above the guideline range. *See id.* at 1254; *Henry*, 1 F.4th at 1327. Giving "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance," *Gall*, 552 U.S. at 51, we cannot say the court's choice of a 24-month sentence is outside the range of reasonable sentences based on the facts of the case, *see Early*, 686 F.3d at 1221.

For these reasons, we affirm Dookhy's sentence.

**AFFIRMED.**