[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12104

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JAYVON LATREZ ANTHONY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:23-cr-00030-CAR-CHW-1

_____

Before JORDAN, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Jayvon Anthony appeals his 57-month sentence for possessing a firearm while under a felony indictment. He argues that the district court erred by increasing his offense level under U.S.S.G. § 2K2.1(b)(6)(B) because he did not possess the firearm in connection with another felony offense.

We review a district court's legal interpretations of the Sentencing Guidelines *de novo* and its factual findings for clear error. *See United States v. Bishop*, 940 F.3d 1242, 1250 (11th Cir. 2019). As a general matter, a district court's determination that a defendant possessed a gun "in connection with" another felony offense for the purposes of § 2K2.1(b)(6)(B) is a finding of fact that we review for clear error. *See id.* A factual finding is not clearly erroneous when the factfinder chooses between two permissible views of the evidence. *See United States v. Smith*, 821 F.3d 1293, 1302 (11th Cir. 2016).

The Sentencing Guidelines provide for a four-level enhancement if the defendant possessed a gun in connection with another felony offense. *See* U.S.S.G. § 2K2.1(b)(6)(B). Application Note 14(A) states that, in general, the enhancement applies if the gun "facilitated, or *had the potential of facilitating*, another felony offense." *Id*. comment. (n.14(A)) (emphasis added). The phrase "another felony offense" includes state offenses punishable by imprisonment for a term of more than one year, whether or not the

defendant was charged with that offense. *See United States v. Smith*, 480 F.3d 1277, 1280 (11th Cir. 2007). And a finding that a gun facilitated or had the potential for facilitating another felony offense is a factual one subject to clear error review. *See United States v. Martinez*, 964 F.3d 1329, 1336 (11th Cir. 2020). Under Georgia law, a person commits felony aggravated assault if he assaults another person with a deadly weapon that is likely to or actually does cause serious bodily injury. *See* O.C.G.A. § 16-5-21(a)(2), (b).

Mr. Anthony possessed a gun and fired it during a shootout with his cousin, Tre'Vonte Sharpe, in which Mr. Anthony and his mother were wounded. According to the presentence investigation report, Mr. Sharpe—who had been feuding with Mr. Anthony—claimed that he had fired at Mr. Anthony after the latter had retrieved his gun from his car. *See* PSI at ¶¶ 3-5. Mr. Anthony, in turn, claimed that he had fired at Mr. Sharpe in self-defense. *See* PSI Addendum at 1. At the change of plea hearing, the government's factual proffer—to which Mr. Anthony agreed—stated that during an interview with police Mr. Anthony admitted that he had obtained his gun from the car and used it to "return fire" at Mr. Sharpe. *See* D.E. 37 at 7.

Before sentencing Mr. Anthony objected to the imposition of a four-level enhancement under § 2K2.1(b)(6)(B). At the sentencing hearing neither side presented any evidence with respect to the enhancement, but Mr. Anthony argued that the enhancement was improper because he had acted in self-defense. *See* D.E. 39 at 4-7. The district court did not resolve the factual dispute

about who was the aggressor or who acted in self-defense, but applied the enhancement because Mr. Anthony's possession of the gun facilitated another felony offense, i.e., an aggravated assault. *See id*. at 7.

Reviewing for clear error, we affirm. Mr. Anthony did not dispute that, before any shots were fired, he retrieved his gun from his car. That act led Mr. Tharpe to fire his weapon at Mr. Anthony and his mother. On this record the district court could have found that Mr. Anthony's gun had the potential to facilitate the aggravated assault (whether the aggravated assault was committed by Mr. Anthony himself or by Mr. Tharpe). "A finding that is 'plausible' in light of the full record—even if another is equally or more so—must govern." *Cooper v. Harris*, 581 U.S. 285, 293 (2017).

**AFFIRMED.**